28539, 28541. JACKSON v. JACKSON; and vice versa.

NICHOLS, Justice. James Franklin Jackson, III, filed suit for divorce against Wilma Lee Shields Jackson in Superior Court of DeKalb County. The defendant wife filed an answer and cross complaint in which she sought a divorce, alimony, and child support. Thereafter the plaintiff husband filed a motion denominated as

a motion for partial summary judgment in which he sought to preclude the wife from obtaining any relief on her cross complaint because "there is a valid decree in the State of Maryland in regard to child support and child custody and there is a valid agreement between the parties herein." On the hearing on the motion for summary judgment the trial court considered the agreement between the parties, which had been made the judgment of a Maryland court, refused to permit the wife to introduce any evidence as to the effect of such decree under Maryland law, and refused to permit the introduction of evidence as to the plaintiff's financial condition or the needs of the defendant wife and children. The trial court, in granting the husband's motion for partial summary judgment held: "The court concludes that the agreement is valid, binding and enforceable between the parties as to all matters dealt with therein, except on the question of custody and child support, and that both parties are bound by said agreement." In a separate judgment the court found that the child support payments provided for in such contract were fair, just and reasonable and made such agreement the judgment of the trial court. Custody of the minor children was vested temporarily in the wife with visitation privileges to the husband. Attorney fees, both for the representation of the wife in Maryland and in Georgia were awarded.

In case number 28539 the wife appeals and enumerates as error the finding of the trial court that the agreement between the parties was a valid and binding contract, the refusal to consider modification according to Maryland law, the refusal to hear evidence as to the financial needs of the wife and children during the pendency of the divorce suit and the refusal to hear testimony regarding changes in the circumstances concerning the husband's income and property holdings which would affect the amount which should be awarded for alimony and child support.

In case number 28541 the husband enumerates as error the grant of attorney fees to the wife. *Held:*

1. "It is fundamental that under the Full Faith and Credit Clause the courts of this state are required to give only such effect to a judgment of a sister state as it would have in that state." *Crisp v. McGill,* 229 Ga. 389 (1) (191 SE2d 836).

In order to determine the effect of the Maryland decree sought to be enforced by the husband in this case, evidence of the effect

of such decree in Maryland should have been allowed and the refusal to permit the wife to introduce such evidence was error.

2. "'Where the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody and support of their minor child, the court may in its discretion approve the agreement in whole or in part, or refuse to approve it as a whole.' *Amos v. Amos,* 212 Ga. 670, 671 (95 SE2d 5); *Booker v. Booker,* 219 Ga. 358 (133 SE2d 353)." *Vereen v. Vereen,* 226 Ga. 500 (2) (175 SE2d 865).

The judgment of the trial court was not based upon a binding Maryland judgment, but upon an agreement which the court held to be valid, binding and enforceable between the parties. Such judgment, together with the refusal of the trial court to permit evidence to be introduced as to the needs of the wife and children or the financial condition of the husband discloses a failure of the trial court to exercise the discretion vested in it in approving the agreement made between the parties. Assuming but not deciding the Maryland judgment relied upon by the husband was not binding, the refusal to admit such evidence was error.

3. "'Temporary alimony and counsel fees are awarded to afford the wife the means of contesting all of the issues between herself and her husband, where a suit for divorce is filed by the husband and a cross-action is filed by wife asking for alimony and attorney's fees and denying the right of the husband to divorce.' *Lee v. Lee,* 154 Ga. 820 (115 SE 493); *Powers v. Powers,* 158 Ga. 251 [123 SE 220]; *Chapman v. Chapman,* 162 Ga. 358 (133 SE 875); *Moody v. Moody,* 193 Ga. 699, 703 (19 SE2d 504); *Twilley v. Twilley,* 195 Ga. 297, 299 (24 SE2d 46)." *Reynolds v. Reynolds,* 217 Ga. 234, 261 (123 SE2d 115). The judgment of the trial court awarding attorney fees was not reversible error.

*Judgment reversed in case 28539; affirmed in case 28541. All the Justices concur.*

ARGUED JANUARY 16, 1974 — DECIDED FEBRUARY 18, 1974.

*John H. Ramsaur,* for appellant.
*Kyle Yancey,* for appellee.