## 29849. JACKSON v. JACKSON.

JORDAN, Justice.

This appeal by James F. Jackson, III, is from two orders modifying the order granting summary judgment to him.

The case originated in DeKalb Superior Court by the filing of a complaint for divorce by the appellant against Wilma Lee Shields Jackson. The wife filed an answer and cross complaint. The husband filed a motion for partial summary judgment to preclude the wife from obtaining

relief on her cross complaint because of a Maryland court decree and an agreement between the parties. The judgment granting this relief was reversed on the wife's appeal to this court. See *Jackson v. Jackson,* 231 Ga. 751 (204 SE2d 297).

After this court's decision the husband filed another motion for summary judgment because of adjudications made in a parallel action in Maryland. His supporting documents were: (1) The wife's answer in the Circuit Court for Montgomery County, Maryland to the husband's complaint (apparently for divorce); (2) motion and order admitting the wife's Georgia counsel as attorney of record in the Maryland case; (3) consent order in the Maryland court granting custody of one of the minor children to the husband for one year; (4) decree of the Maryland Court, dated December 11, 1973, granting a divorce to the husband, giving custody of the minor children to the wife, and ordering that the terms of an agreement between the parties dated June 16, 1972, be made the judgment of the court, except for the portions dealing with alimony and child support, on which the court retained jurisdiction; and (5) affidavit of the husband dated September 23, 1974, stating that he, his former wife, and all of their children are residents of Maryland.

On January 10, 1975, the trial judge entered an order upon the husband's motion for summary judgment which decreed that the wife's cross action be dismissed with prejudice, and that the previous award of attorney fees to her be set aside.

On January 20, 1975, the judge amended this order by deleting the provision that the award of attorney fees was set aside, and finding that the wife was entitled to the previous award of attorney fees.

On February 3, 1975, the judge amended the January 10th order, as amended by the January 20th order, by adding the following: "That the above stated action is dismissed with prejudice also as to plaintiff as well as to defendant as aforesaid in prior order."

1. The summary judgment order of January 10th set aside a previous award of attorney fees to the wife. In the former appearance of the case in this court the husband

appealed from this award of attorney fees. We affirmed the award. *Jackson v. Jackson,* 231 Ga. 751 (3), supra. The trial judge in his January 20th order recognized that this is the law of the case. Obviously he did not err in correcting his judgment by deleting that portion contrary to the previous judgment of this court.

2. The husband asserts error in the second amendment (February 3rd) which dismissed his action as well as the wife's cross action. He argues that this amendment violated his right of trial by jury (Code Ann. § 81A-138; Ga. L. 1966, pp. 609, 652), and was contrary to the summary judgment statute (Code Ann. § 81A-156; Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

There is no indication from the record that the wife made any motion for summary judgment against the husband. Apparently the trial judge determined that the evidence submitted by the husband to support his motion demanded the dismissal of his complaint as well as that of the wife.

The husband's brief does not indicate what action he wants to pursue in the Georgia court. He surely does not intend to proceed in his action to obtain a divorce in Georgia, since he has already obtained a divorce in Maryland.

We assume that he wants to proceed with an amendment to his complaint which was filed after the filing of his motion for summary judgment and after the hearing on that motion. This amendment alleged that the wife had violated terms of the property settlement agreement which was made a part of the Maryland court order in 1972. He prayed for damages for the violation of the contract and the Maryland decree.

The basis on which the husband has obtained a dismissal of the wife's cross action is that the parties are now residents of Maryland and the Maryland court has adjudicated the issues between the parties. He will not be permitted to continue his litigation in Georgia by an action for damages for the breach of the Maryland decree and the Maryland contract which was made a part of that decree.

The trial judge did not err, even in the absence of a motion for summary judgment by the wife, in dismissing

the husband's action also.
*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 16, 1975 — DECIDED MAY 27, 1975 —
REHEARING DENIED JUNE 17, 1975.

*E. Graydon Shuford,* for appellant.
*John H. Ramsaur,* for appellee.