30641, 30642. McCLAIN v. McCLAIN; and vice versa.

NICHOLS, Chief Justice.

This is an appeal and cross appeal from a temporary order of the trial court in a divorce and alimony case.

The parties separated in 1973 and the wife filed suit for divorce. While that suit was pending, the parties entered into a reconciliation agreement whereby the husband, in consideration of the dismissal of the divorce action and resumption of the marital relationship, agreed to pay the wife $50,000 cash, deed her one-half interest in the home valued in excess of $200,000, establish a trust of

$250,000 with the income payable to the wife and at her death the corpus to be divided between their child and two children of the wife by a former marriage, and the payment of $100,000 attorney fees. This agreement further provided: "Plaintiff shall hereafter be barred from bringing or prosecuting complaint or action for alimony or support for minor children in any court at law or equity, it being the express intent of the parties that this agreement and the gifts and transfers of property from defendant to plaintiff shall be in lieu of all past, present, or future claims against defendant or his estate by plaintiff."

The plaintiff dismissed the action for divorce the same day the agreement was executed and resumed the marital relationship. In 1975 the plaintiff again brought an action for divorce and prayed for alimony, child support and attorney fees. The trial court held that plaintiff was barred from receiving further alimony, and since attorney fees are a part of alimony, attorney fees were also barred. The trial court further held that child support could be recovered. The plaintiff excepts to the order denying alimony, and the defendant excepts to that part of the judgment allowing child support.

1. The wife contends in her first enumeration of error that the trial court erred in holding that she was barred from future alimony payments on the ground that the agreement was rendered void by the subsequent cohabitation of the parties, citing *Powell v. Powell,* 196 Ga. 694 (27 SE2d 393) (1943) and *Reynolds v. Reynolds,* 217 Ga. 234 (123 SE2d 115) (1961).

The *Reynolds* case involved a prenuptial agreement which was held to be void. The *Powell* case involved a separation agreement settling all claims which the wife had against the husband in a pending divorce action, which agreement was held to be void because of the subsequent voluntary cohabitation of the parties.

The agreement in the present case was entered into to effect a reconciliation of the marriage. It gave the wife that to which she would have been entitled as alimony had she gone through with the divorce.

In *Evans v. Hartley,* 57 Ga. App. 598, 601 (196 SE 273) (1938), it was held: "It is the public policy of this state to maintain the family relation and to permit the

settlement of matrimonial differences for that purpose. Code §§ 53-107, 53-108; [cits]." In *Young v. Young,* 150 Ga. 515 (3) (104 SE 149) (1920), this court held: "A deed between husband and wife, not made as a provision for alimony while living separate and apart from the husband, but made in consideration of the wife's agreement to return to the husband's home and to resume her marital relations, is not rendered void by the subsequent cohabitation of the husband and wife, under the provisions of section 2990 of the Civil Code of 1910 [now Code § 30-217]." Also, this court held in *Brown v. Farkas,* 195 Ga. 653 (2) (25 SE2d 411) (1943): "Where such a contract was entered into for the purpose of settling the question of alimony, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties."

It is manifest from the wording of the agreement in this case that the intention of the parties is that "this agreement and the gifts and transfers of property from Defendant to Plaintiff shall be in lieu of all past, present, or future claims against Defendant or his estate by Plaintiff," for alimony.

The trial court did not err in holding the present contract valid and that the appellant was barred from further alimony in this action.

2. The second enumeration of error contends that the trial court erred in ruling that attorney fees, being a part of alimony, were also barred by virtue of the agreement. In *Harrison v. Harrison,* 208 Ga. 70 (2) (65 SE2d 173) (1951), this court held: "[A]ttorney's fees in favor of the wife against the husband are not allowed as such, but as an intrinsic part of temporary alimony . . .," and see Code Ann. §§ 30-202 and 30-202.1. The trial court did not err in ruling that attorney fees were a part of alimony.

3. Enumerations of error 3, 4, 5 and 6 complain of the trial court's failure to strike the husband's defenses involving the reconciliation agreement of the parties. The agreement was valid and the trial court did not err in failing to strike the defense relating to the agreement.

4. The seventh enumeration of error complains of the trial court's failure to strike the count of appellee's

counterclaim alleging fraud in the procurement of the agreement. Having affirmed the trial court's ruling as to the validity of the agreement in Division 1, the counterclaim praying for cancellation and reimbursement should have been dismissed.

5. The husband has cross appealed from the order of the trial court awarding child support contending this was error, since the trust agreement provided, in addition to alimony for the wife, that it was for support for the minor children.

Under numerous decisions of this court, it has been held that it violates public policy to permit a child's support from its father, which arises as a statutory duty, to be bartered away as if it were the property of the mother absent any agreement relinquishing the paternal rights vested in the father. See *Glaze v. Strength,* 186 Ga. 613 (198 SE 721) (1938); *Varble v. Hughes,* 205 Ga. 29, 32 (52 SE2d 303) (1949); and *Corriher v. McElroy,* 209 Ga. 885 (1) (76 SE2d 782) (1953). The statutory duty arising under Code § 74-105, of the father to support his child even where a divorce action is pending is subject to approval of the trial court in which matters he is vested with a wide discretion, taking into consideration the needs of the child and the station in life of the parties. It is also within the discretion of the trial court as to whether the provisions for support of the minor child are adequate. Child support unlike alimony is always subject to revision under our modification statute, even though entered into by a contractual agreement. The trial court did not err in ordering additional child support, although the contract of the parties provided for child support.

The remaining enumerations of error in the cross appeal have been rendered moot by the rulings in the main appeal.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED JANUARY 13, 1976 — DECIDED MAY 17, 1976 — REHEARING DENIED JUNE 10, 1976, IN CASE NO. 30641.

*Rountree & Tuten, George M. Rountree,* for

appellant.

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner,
Wallace E. Harrell, Cowart, Sapp & Gale, George B.
Cowart,* for appellee.