## 37374. SOUTHERLAND v. SOUTHERLAND.

MARSHALL, Justice.

In this no-fault divorce case, the plaintiff wife appeals from the order awarding the defendant husband attorney fees, orders denying her motion to set aside judgment and for new trial, and the order holding her in contempt of the first order.

1. The appellant contends that the trial court erred in awarding the appellee attorney fees subsequent to the grant of the divorce decree where there had been no prayer for alimony prior to the entry of the divorce decree. The general rule has been that " 'neither an application for attorney fees nor a hearing thereon may be filed or heard after a divorce verdict, (although) the judge may reserve judgment on such an application until after verdict when such application is filed prior to verdict.' " *Hagstrom v. Hagstrom,* 235 Ga. 853, 855 (221 SE2d 602) (1976). However, with the advent of the bifurcated trial of a divorce case, such as this, the divorce decree is entered and the other issues are reserved for a subsequent hearing. Therefore, we hold that it is now sufficient to request attorney fees after the entry of the divorce decree but prior to the conclusion of the hearing on the remaining issues. Moreover, even under the nonbifurcated-trial procedure, an exception has been recognized where, as here, the party against whom attorney fees are sought to be awarded permits the court to fully litigate the matter of attorney fees without objection, in which case the failure of the other party to specially seek alimony or attorney fees does not render void the subsequent award of attorney fees entered without objection. *Rude v. Rude,* 241 Ga. 454 (2) (246 SE2d 311) (1978); *Thomas v. Davis,* 235 Ga. 32 (218 SE2d 787) (1975).

2. The contended failure to serve the appellant with a rule nisi commanding her appearance at the alimony hearing does not constitute reversible error where the appellant and her attorneys appeared at the hearing and defended the alimony and attorney-fee claims without objecting to the contended lack of notice.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 13, 1981.

*Richard R. Kirby,* for appellant.
*W. Hays Pickett,* for appellee.