## 39937. BLANCHET v. BLANCHET.

SMITH, Justice.

In this no-fault divorce case, the former wife appeals from an order denying her request for attorney fees. The trial court ruled that appellant's application was not timely filed and entered an order denying attorney fees. We reverse.

In August 1981, Linda Joyce Blanchet filed her complaint for divorce, alleging that the marriage of eight years was irretrievably broken and seeking temporary and permanent alimony, equitable property division, child support and custody of the couple's minor child. Paragraph 10 of her complaint stated: "Your plaintiff, in addition to temporary and permanent support, is in need of an award against the Defendant for reasonable attorney's fees to ensure just and proper representation of the Plaintiff as the Plaintiff is financially unable to hire her own attorney." The judge orally granted a divorce on the pleadings on the ground that the marriage was irretrievably broken. The case proceeded to trial before a jury on the remaining contested issues of alimony, child support and property division.[1] On January 6, 1983, the jury returned a verdict awarding appellant monthly alimony and child support payments, as well as possession of the marital abode and title to an automobile. The verdict left unresolved the issues of child custody and visitation rights. Counsel for the parties agreed to settle these issues and

---

[1] The record supplied this court by appellant includes only selected portions of the record below and does not include a transcript of the pre-trial in-chambers conference or the trial itself. The procedural history of this case was reconstructed by reference to this record.

incorporate a stipulation into a proposed final judgment for approval by the court.

On January 17, 1983, appellant filed her "Motion for an Award of Attorney's Fees" and briefs in support thereof with the court. On February 2, the judge entered an order denying the motion. On February 10, the trial judge entered judgment on the jury verdict, incorporating the child custody and visitation terms agreed to by the parties. Finally, on March 7, 1983, the judge entered a final judgment of divorce, *nunc pro tunc* as of January 24.

The sole issue on appeal is the correctness of the order denying appellant's application for attorney fees. The trial court cited our decision in *Southerland v. Southerland,* 247 Ga. 585 (277 SE2d 684) (1981), in support of its conclusion that appellant's application was not timely filed. Prior to *Southerland,* the settled rule in Georgia was that " '(n)either an application for attorney fees nor a hearing thereon may be filed or heard after a divorce verdict, (although) the judge may reserve judgment on such an application until after verdict when such application is filed prior to verdict.' " *Hagstrom v. Hagstrom,* 235 Ga. 853, 855 (221 SE2d 602) (1976). The reason for this rule was that once a verdict or decree dissolving the marital relation has been returned or entered, the trial court is without authority to award attorney fees, which are considered part of temporary alimony. See McConaughey, Georgia Divorce, Alimony and Child Custody 94 (2d ed. 1980). In *Southerland v. Southerland,* supra, this court modified the traditional rule to bring it more in line with the realities of modern bifurcated divorce proceedings. "[W]ith the advent of the bifurcated trial of a divorce case ... the divorce decree is entered and the other issues are reserved for a subsequent hearing. Therefore, we hold that it is now sufficient to request attorney fees after the entry of the divorce decree but prior to the conclusion of the hearing on the remaining issues." 247 Ga. at 585.

We interpret *Southerland* to mean that attorney fees must be requested at some time prior to entry of final judgment in a divorce trial (i.e., "prior to the conclusion of the hearing on the remaining issues"). Once such a request is made, the issue of attorney fees is preserved, without further reservation by the trial judge or additional application by the parties, for decision by the trial court. See Wife H. v. Husband H., 312 A2d 628, 629 (Del. 1973). Appellant has made two separate requests for attorney fees: once in her original complaint and once in her January 1983 motion requesting attorney fees. Each of these requests was made prior to the entry of final judgment of divorce in the case, and either request authorized an award of attorney fees to applicant. The trial court erred in ruling otherwise.

Attorney fees and expenses of litigation are awarded in divorce

cases in order to insure effective representation of both spouses so that all issues can be resolved fully and fairly. *Jackson v. Jackson,* 231 Ga. 751, 753 (204 SE2d 297) (1974). In light of the statutory policy favoring attorney fee awards in divorce trials, see OCGA § 19-6-2 (Code Ann. § 30-202.1), and our decision in *Southerland v. Southerland,* supra, blind adherence to outmoded, technical rules of practice in this area is neither necessary nor desirable.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*Steven Montalto, Michael Weinstock,* for appellant.
*Hamilton, Waln & Carmichael, Alan B. Waln,* for appellee.