40309. SCOTT v. SCOTT.

MARSHALL, Presiding Justice.

In this case, the appellee former husband filed a complaint for divorce against the appellant former wife. At that time, the appellant was not represented by counsel; however, she had entered into an agreement with the appellee settling issues of child custody, support, and visitation, as well as the distribution of the marital assets. The appellee requested that this settlement agreement be made the judgment of the court. Shortly thereafter, the appellant obtained counsel; she filed an answer to the appellee's complaint, admitting that the marriage was irretrievably broken, but alleging that the settlement agreement was procured by fraud and duress. In the answer, the appellant alleged that, although she was able to obtain employment, she was currently unemployed, and that she therefore needed temporary alimony to pay rent and utilities. The appellant requested that the agreement be revoked and that she be awarded child custody, support for the children, alimony for the support of herself, and attorney fees incurred by her in this action.

The trial judge granted the parties a divorce on the pleadings, and after conducting a hearing, judgment was entered granting child custody to the appellant with the appellee given liberal visitation rights. The appellee was ordered to pay child support to the appellant, and a division of property was ordered. In this judgment, the trial judge stated that, although he was inclined to award attorney fees to the appellant, he felt that such award was barred under *McClain v. McClain,* 237 Ga. 80 (2) (227 SE2d 5) (1976). However, upon further hearing, the trial judge entered another order stating that, under the authority of *Southerland v. Southerland,* 247 Ga. 585 (1) (277 SE2d 684) (1981), attorney fees should not be awarded for the sole reason that no alimony was awarded to the appellant. We

granted the appellant's application to appeal. We reverse.

1. In *McClain,* supra, the parties had settled a pending divorce action with a reconciliation agreement which required the husband to make certain monetary transfers to the wife and which prohibited the wife from thereafter prosecuting a complaint for alimony against the husband. Nonetheless, the wife subsequently brought a divorce action against the husband, and in this action she requested, among other things, an award of alimony and attorney fees. This court, affirming the trial court, held that alimony was barred by virtue of the parties' agreement, and, therefore, attorney fees, being part of alimony, were also barred.

The parties' settlement agreement was not found to be enforceable in this case. *McClain* is therefore inapposite.

2. *Southerland,* supra, concerns the timeliness of an application for attorney fees in a bifurcated divorce trial.

There is no question that the application for attorney fees was timely here. *Southerland* is therefore inapposite.

3. The question here is whether an award of periodic alimony for the support of the wife is a prerequisite to the court's awarding attorney fees to the wife in a divorce and alimony action. We hold that it is not.

"Attorney's fees and expenses of litigation are an intrinsic part of temporary alimony, awarded to a spouse for the purpose of enabling that spouse to contest all issues raised in the pending action for divorce and alimony or separate maintenance. Although sometimes treated as a separate issue, attorney's fees and expenses of litigation are allowed on the same basis and are treated for all material purposes as alimony. Attorney's fees may be awarded a spouse, even before determining whether that spouse will prevail on the merits of the case. The objective is that a spouse should be able to contest the pending issues, but will not be awarded attorney's fees for litigation except in the pending divorce and alimony proceedings." *Ga. Divorce, Alimony & Child Custody* (2nd Ed.), § 8-6, p. 93 (Footnotes omitted.). Thus, the pendency of the divorce and alimony action authorized the trial judge in awarding attorney fees to the appellant, based on a finding that the award of attorney fees was necessary in order to enable the appellant to contest the pending issues.

"The amount to be awarded as attorney's fees is within the sound discretion of the trial judge, . . ." Id.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 11, 1983 —
REHEARING DENIED NOVEMBER 16, 1983.

*Stephen H. Harris,* for appellant.
*Leonard A. Baldwin,* for appellee.