40393. LOVE v. LOVE.

WELTNER, Justice.

The single question presented in this appeal is whether or not a trial court is authorized to award attorney fees for legal services performed on behalf of a party to a divorce action where, during the pendency of the action, the party dies. The trial court reasoned that alimony must abate upon the death of the party, OCGA § 19-6-1 (Code Ann. § 30-201), and, as attorney fees are part of alimony, *Jackson v. Jackson,* 231 Ga. 751 (204 SE2d 297) (1974), the claim for attorney fees incurred on the part of a deceased litigant must abate along with the pending claim for alimony.

We have recently treated the question of attorney fees in

domestic relations cases in *Blanchet v. Blanchet,* 251 Ga. 379 (306 SE2d 907) (1983), and note that the order of the trial court which is the subject of this appeal preceded that opinion by some two months.

There we held: "We interpret *Southerland [v. Southerland,* 247 Ga. 585 (277 SE2d 684) (1981)] to mean that attorney fees must be requested at some time prior to entry of final judgment in a divorce trial (i.e., 'prior to the conclusion of the hearing on the remaining issues'). Once such a request is made, the issue of attorney fees is preserved, without further reservation by the trial judge or additional application by the parties, for decision by the trial court." *Blanchet,* 251 Ga. at 380.

The circumstances of this appeal fall within the logic of *Blanchet.* There was pending in the present case an application for temporary attorney fees at the date of the party's death. Obligations for legal services should be vitiated no more by death than by divorce.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 4, 1984.

*Jones, Bordeaux & Associates, Thomas C. Bordeaux, Jr.,* for appellant.

*Kran Riddle, Laura Marcantonio,* for appellee.