In re Mark Jeremy KARELL, Debtor.

Bobbie PERSON, Plaintiff,

v.

Mark Jeremy KARELL, Defendant.

Bankruptcy No. A94–66494–SWC.
Adversary No. 94–6545.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 22, 1995.

Gwenn Dorb Holland, Kidd & Vaughan, Atlanta, GA, for Plaintiff.

Lawrence R. Landry, Decatur, GA, for Defendant.

## ORDER

STACEY W. COTTON, Chief Judge.

This matter was submitted to the court for final determination based on the parties' written statement of stipulated facts. Plaintiff seeks a determination that attorney fees awarded to her in the parties' divorce action in the sum of $14,950 are nondischargeable under 11 U.S.C. § 523(a)(5). This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

Plaintiff, Bobbie Person, and defendant-debtor, Mark Jeremy Karell, (hereinafter "debtor") were divorced by Final Judgment and Decree of Divorce in the DeKalb County Superior Court on January 18, 1994. The

parties' stipulated facts are adopted and incorporated by reference. The court will only set forth such of these facts as are necessary for the determination of this proceeding.

 The issue before the court is whether the debtor's obligation for plaintiff's attorney's fees awarded in their divorce action is nondischargeable because it is "in the nature of alimony, maintenance or support" under § 523(a)(5). This section provides, in pertinent part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ... but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5).

 The burden of proof on an exception to discharge rests with the objecting party. The objecting creditor has the burden of proving each of these elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). If any one of these elements is not met, the debt is dischargeable. Moreover, courts generally construe the statutory exceptions to discharge in bankruptcy 'liberally in favor of the debtor,' and recognize that '[t]he reasons for denying a discharge ... must be real and substantial, not merely technical and conjectural.' *In re Tully,* 818 F.2d 106, 110 (1st Cir.1987) (quoting *Dilworth v. Boothe,* 69 F.2d 621, 624 (5th Cir.1934)); *see also Boyle v. Abilene Lumber, Inc. (Matter of Boyle),* 819 F.2d 583, 588 (5th Cir.1987). This narrow construction ensures that the 'honest but unfortunate debtor' is afforded a fresh start. *Birmingham Trust Nat'l Bank v. Case,* 755 F.2d 1474, 1477 (11th Cir.1985); *see also Caspers v. Van Horne,* 823 F.2d 1285, 1287 (8th Cir.1987) ('[E]vidence presented must be viewed consistent with congressional intent that exceptions to discharge be narrowly construed against the creditor and liberally against the debtor, thus effectuating the fresh start policy of the Code.').

*In re Miller,* 39 F.3d 301, 304 (11th Cir.1994).

 It is clear in Georgia that an award of attorney's fees pursuant to divorce is generally considered to be a part of alimony. In *Scott v. Scott,* 251 Ga. 619, 308 S.E.2d 177 (1983), the Georgia Supreme Court held:

*Attorney's fees and expenses of litigation are an intrinsic part of temporary alimony,* awarded to a spouse for the purpose of enabling that spouse to contest all issues raised in the pending action for divorce and alimony or separate maintenance. Although sometimes treated as a separate issue, *attorney's fees and expenses of litigation are allowed on the same basis and are treated for all material purposes as alimony. Id.* at 620, 308 S.E.2d 177. (Emphasis added).

Similarly, in *Leonard v. Leonard,* 236 Ga. 623, 624, 225 S.E.2d 9 (1976) the court held that "Attorney fees are awarded as a part of temporary alimony for the purpose of enabling the wife to contest the issues, whether done in a temporary hearing or by the final decree." (citation omitted). The award of attorney's fees was found to be nondischargeable. *See Also, McClain v. McClain,* 237 Ga. 80, 227 S.E.2d 5 (1976).

 In considering such awards pursuant to § 523(a)(5) bankruptcy courts are not bound by labels under state law but must look to the substance or purpose of the award. *Harrell v. Sharp (In re Harrell),* 754 F.2d 902, 905 (11th Cir.1985). The dischargeability issue should not be expanded into an ongoing financial assessment of the parties to avoid involving federal courts in domestic relations matters which should be reserved for the state courts. *Id.* at 906–907.

The majority of bankruptcy courts hold that attorney's fees awarded in divorce cases are generally so intrinsically tied to the obligation of support as to be in the nature of alimony, maintenance or support. *See Fitzpatrick v. Schiltz (In re Schiltz ),* 97 B.R. 671,

674 (Bankr.N.D.Ga.1986) (Cotton, J.) and *Henry v. Henry (In re Henry)* 110 B.R. 608 (Bankr.N.D.Ga.1990) (Bihary, J.). *See, e.g., Philmore J. Joseph v. J. Huey O'Toole, P.C. (In re Joseph)*, 16 F.3d 86, 88 (5th Cir.1994); *In re Williams,* 703 F.2d 1055 (8th Cir.1983); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir.1981). *Accord, Matter of Myers,* 61 B.R. 891 (N.D.Ga.1986) (Kahn, J.); *In re Booch* 95 B.R. 852 (N.D.Ga.1988) (Murphy, J.) and *Westmoreland v. Painter (In re Painter)*, 21 B.R. 846 (Bankr.S.D.Fla.1982) (Hershner, J.).

In considering dischargeability of such award under Georgia law, in *Rogers v. Overstreet (In re Rogers)*, 164 B.R. 382 (Bankr. N.D.Ga.1994), Judge Drake of this court held

> For a state court in Georgia to award attorney's fees in a divorce proceeding, it shall consider the financial circumstances of both parties as a part of its determination to the amount of attorney's fees. O.C.G.A. § 19–6–2(a)(1). As such, the Superior Court of Spalding County necessarily must have evaluated the financial position of both the Debtor and Overstreet and determined Overstreet was in need of this assistance from her former spouse. Therefore, the Court finds that the Debtor's obligation to pay attorney's fees qualifies as alimony, maintenance, or support.

*Id.* at 392. This court agrees with that opinion.

In their divorce action plaintiff and debtor submitted the issue of attorney's fees to the DeKalb County Superior Court by affidavits and briefs. The affidavits set forth their respective financial circumstances. Those financial conditions, which are stipulated as facts in this proceeding, reflect that a need of the non-debtor spouse existed at the time of the award.[1] The state court order reflects that the judge considered those materials and the record in awarding plaintiff $15,000 attorney's fees. Therefore, the court finds and concludes that defendant's obligation to pay the attorney's fees awarded to plaintiff in

their divorce action is in the nature of alimony, maintenance, or support. Accordingly, it is

**ORDERED** that defendant's indebtedness to plaintiff for attorney's fees awarded in the parties' divorce action is determined to be **nondischargeable.**

The clerk is directed to serve a copy of this order upon plaintiff's and defendant's counsel.

IT IS SO ORDERED.

---

1. The parties' financial conditions were as follows:

 Plaintiff: net monthly income of $2,084; monthly expenses of $3,342.60; and debts of $90,000 which included $57,000 attorney's fees

incurred litigating the divorce action. Defendant: net monthly income of $1,280; monthly expenses of $1,434; and debts of $9,680. (Statement of Stipulated Facts ¶¶ 13, 14 and 15.)