301 Ga. 251
FINAL COPY

S17F0101. VAKHARWALA v. VAKHARWALA.

BENHAM, Justice.

Appellant Purvin Vakharwala ("Husband") and appellee Arpita Vakharwala ("Wife") were married in 2012, and Husband then adopted Wife's child. Prior to the marriage, the parties executed a prenuptial agreement. Husband filed a complaint for divorce in 2014, and a final decree was entered September 23, 2015, which reserved the issue of legal fees. Numerous disputes arose during the pendency of the matter with respect to child custody, and several experts were appointed to assist the trial court with child custody issues. Also during the pendency of the litigation, the trial court entered orders requiring Husband to pay Wife a total of $24,000 in temporary support before temporary support was suspended in response to Husband's motion to enforce the prenuptial agreement. The trial court also entered orders directing Husband to pay directly to Wife's counsel a total of $25,000 for temporary attorney fees.

After the divorce was granted, Husband filed a motion for new trial, but that motion was denied. In response to Wife's request for an award of

attorney fees and costs, the trial court entered an order finding Husband's conduct had unnecessarily expanded the litigation and awarding Wife fees and expenses in the amount of $98,385 pursuant to OCGA § 9-15-14 (b), as well as an award in the amount of $60,000 pursuant to OCGA § 19-6-2, for a total attorney fees award of $158,385. The decree awarded primary physical custody of the child to Wife, and permitted Wife to relocate to Arizona where she and the child resided prior to the marriage. To address problems that immediately arose concerning child custody and the exchange of the child between Arizona and Georgia, the trial court entered an amended final judgment and decree that changed the terms of the original child custody award with respect to Husband's visitation and other details.

This Court granted Husband's application for discretionary appeal by order instructing the parties that the Court was particularly concerned with the following:

> 1. Does the parties' prenuptial agreement prohibit the recovery of attorney fees under OCGA § 19-6-2, such that the trial court erred in granting Wife's request for such fees? See *Langley v. Langley*, 279 Ga. 374 (1) (613 SE2d 614) (2005). But see *McClain v. McClain*, 237 Ga. 80 (2) (227 SE2d 5) (1976).

2. Did the trial court err in failing to offset Wife's attorney fee award with amounts Husband had previously paid as temporary attorney fees?

1.    The parties' prenuptial agreement recites that each of them has sufficient separate income to provide for his or her respective support, and that both of them believe they are capable of being self-supporting in the future.  In pertinent part, the agreement goes on to state:

> Therefore, in the event of a marital separation or dissolution, it is agreed and understood that neither party shall seek or obtain any form of alimony or support from the other, or seek any relief, other than a distribution of their joint property interests or those property interests acquired during the course of the marriage, in any manner other than as provided in this Agreement.

At a hearing on Husband's motion to enforce the prenuptial agreement conducted during the pendency of the action, Wife conceded the agreement was binding and enforceable.  Accordingly, the trial court entered an order finding the agreement to be valid and declaring it would be enforced as part of the final decree of divorce.  As noted above, the trial court also terminated its previous temporary alimony order requiring Husband to pay Wife a monthly sum for temporary alimony and declared Husband would not be required to pay any further alimony.  On appeal, Husband challenges the award of attorney fees to Wife and further asserts that even if attorney fees

3

were properly awarded, the trial court erred in failing to offset from the final attorney fees award the amounts he had previously paid as temporary support and attorney fees.

(a) In her post-decree motion for litigation costs and attorney fees, Wife sought an award of fees pursuant to both OCGA § 9-15-14 (b) and OCGA § 19-6-2.  OCGA § 9-15-14 (b) provides as follows:

> The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if . . . it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act."  As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

The order granting Wife's motion was based upon findings of fact, supported by the record, that Husband engaged in numerous acts of improper conduct throughout the litigation that were interposed for delay and harassment and represented a blatant abuse of the discovery process.  Husband stated on the record that he would "spend whatever it takes to win," when he obviously

knew his income and other resources greatly exceeded those of Wife.[1] The trial court concluded that Husband's "egregious and improper behavior and his abuse of the discovery process" were interposed for delay or harassment. Accordingly, the trial court found attorney fees and expenses were warranted by OCGA § 9-15-14 (b) and awarded Wife fees and expenses in the amount of $98,385. Having reviewed the record, we reject Husband's assertion that the amount of this award was unsupported by evidence. That portion of the order is affirmed.

(b) The trial court's order also awarded Wife $60,000 in attorney fees pursuant to OCGA § 19-6-2. According to that Code section, attorney fees may be awarded in an action for alimony, or for divorce and alimony, within the sound discretion of the court. The Code section further states that the trial court "shall consider the financial circumstances of both parties" in its determination of whether, and in what amount, to award such fees. Here, the

---

[1] By way of example of Husband's actions that unnecessarily expanded the litigation and costs, Husband sent a flood of e-mails (more than 700 over the course of the litigation) to Wife, her counsel, and court-appointed experts raising false issues or accusations, thereby requiring a significant increase in time billed by experts and Wife's legal team. The court also found Husband engaged in unauthorized access to Wife's password-protected e-mail account by which he intercepted privileged communications between Wife and her legal team, as a result of which Wife was required to retain the services of a cyberstalking expert to investigate this improper conduct.

trial court stated that its award pursuant to this Code section was based upon the disparity of the parties' financial situations, Husband's admission that he depleted the parties' joint bank accounts of $170,000 one day prior to his filing the complaint, and Husband's conduct requiring Wife to spend excessive funds to defend herself from Husband's baseless accusations. Due to the terms of the parties' prenuptial agreement, however, we agree with Husband that the trial court erred in awarding attorney fees pursuant to OCGA § 19-6-2.

First, the misconduct of a party in a divorce proceeding does not provide a basis for awarding attorney fees pursuant to OCGA § 19-6-2. See *Johnson v. Johnson*, 284 Ga. 366, 368 (3) (667 SE2d 350) (2008). The trial court's findings in this regard authorized its award of fees and expenses pursuant to OCGA § 9-15-14 (b), which is affirmed, but did not authorize an additional award of fees for misconduct pursuant to OCGA § 19-6-2. See *McGahee v. Rogers*, 280 Ga. 750, 753-754 (2) (632 SE2d 657) (2006).

Further, we note that OCGA § 19-6-2 (a) authorizes an award of attorney fees in an action for alimony, divorce and alimony, or contempt of court arising out of such cases. Attorney fees are awarded to a spouse pursuant to OCGA § 19-6-2 for the purpose of enabling that spouse to contest

6

the issues in an action covered by the statute, and are considered to be a part of alimony.  See *Scott v. Scott*, 251 Ga. 619, 620 (3) (308 SE2d 177) (1983); see also *McClain v. McClain*, 237 Ga. 80, 81 (227 SE2d 5) (1976) (where the wife was barred from recovering any future claims for alimony as a result of a reconciliation agreement reached by the parties while a previous divorce suit was pending, wife was therefore also barred from obtaining an award of attorney fees in a later-filed divorce action "since attorney fees are a part of alimony").  As Husband points out, alimony is not an issue in this divorce action since the trial court deemed the prenuptial agreement to be enforceable, and by its terms it bars either party from seeking or obtaining any form of alimony or support from the other.  In the order declaring the agreement to be enforceable, the trial court stated Husband would not be required to pay, and Wife would not be entitled to receive, any further alimony.  Accordingly, given the wording of the parties' agreement and this Court's longstanding interpretation of what is included within the definition of alimony, the trial court erred in awarding $60,000 in attorney fees to Wife pursuant to OCGA § 19-6-2.  See *McClain*, supra, 237 Ga. at 82 (2).  The order awarding attorney fees is reversed in part, and upon remand, the trial court is instructed to re-enter that order in accordance with this opinion.

We reject Wife's assertion that the rule applied in *McClain* is inapplicable to the facts of this case because the agreement in *McClain* was one for reconciliation of a marriage by which a wife dismissed a divorce action and gave up past, present, and future claims to alimony in exchange for certain payments, including attorney fees, from the husband. Wife argues the agreement involved in this case is significantly different because it was a prenuptial agreement that did not involve payment of monetary consideration in lieu of future claims for alimony. The fact remains, however, that pursuant to Georgia law, when they are awarded, attorney fees under OCGA § 19-6-2 are awarded "as an intrinsic part of temporary alimony." (Citation and punctuation omitted.) Id.

(c) Husband also asserts the trial court erred in failing to offset the fees awarded to Wife in the amount he previously paid as temporary support and attorney fees. The fees awarded pursuant to OCGA § 9-15-14 (b) were for the purpose of reimbursing Wife for the costs and expenses she incurred as a result of Husband's unnecessary expansion of the proceedings or other improper conduct. Fees under this Code section may be awarded in any civil action, and those fees awarded in this case were unrelated to alimony. Consequently, the fees awarded pursuant to OCGA § 9-15-14 (b) are not

8

subject to offset for amounts Husband paid as temporary support and attorney fees. Moreover, because we reverse and vacate that portion of the trial court's order granting attorney fees pursuant to OCGA § 19-6-2, the argument that this award should be reduced by the sums Husband previously paid for temporary support and attorney fees is moot.[2] Even in his motion to discontinue spousal support and his motion to enforce the prenuptial agreement, Husband sought only to have the agreement enforced in the final decree and did not seek the return of any sums paid during the pendency of the action for temporary support and attorney fees on the ground that they were not due pursuant to the terms of the prenuptial agreement. Thus, even to the extent his appellate argument can be interpreted as asserting the trial court erred by failing to "credit" or return such payment to him or by awarding such payments in the first place, that argument was waived. See *Reliance Trust Co. v. Candler*, 294 Ga. 15, 18 (1) (b) (751 SE2d 47) (2013) (issues not raised at trial cannot be considered for the first time on appeal).

---

[2] In *Langley*, supra, this Court held that the husband's payments of temporary alimony and attorney fees could not be set off from the lump sum alimony he was required to pay the wife pursuant to the terms of their prenuptial agreement. Although we asked the parties to address *Langley* in their briefs, since we hereby reverse that portion of the trial court's order awarding attorney fees pursuant to OCGA § 19-6-2, the offset issue is moot, and the *Langley* case is inapplicable.

2.      Having reviewed the record, we reject Husband's assertion that the trial court abused its discretion in awarding primary physical custody of the child to Wife or in permitting her to move to Arizona with the child.  See *Welch v. Welch*, 277 Ga. 808, 809 (596 SE2d 134) (2004) ("Where there is any evidence to support the decision of the trial court, this Court cannot say there was an abuse of discretion [in awarding custody of a child to one fit parent over the other].").

Judgment affirmed in part and reversed in part, and case remanded with direction.  All the Justices concur.

Decided May 1, 2017 — Reconsideration denied May 30, 2017.

Domestic relations. Fulton Superior Court. Before Judge Lane.

Naggiar & Sarif, Danny J. Naggiar, Andrea B. McAlpine, for appellant.

David A. Webster; Ordway Law Group, William M. Ordway, for appellee.