**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 22, 2019**

# In the Court of Appeals of Georgia

A19A1375. DOVEL v. DOVEL.

GOBEIL, Judge.

In this divorce action, we granted the application for discretionary appeal of Wesley Joshua Dovel (the "Husband") to review the trial court's award of $5,000 in attorney fees to Samantha Leanne Dovel (the "Wife") pursuant to OCGA § 19-6-2 (a). The Husband contends that the trial court's award was erroneous because (1) attorney fees under OCGA § 19-6-2 (a) were precluded by the parties' settlement agreement waiving alimony; and (2) it failed to provide a statutory basis, findings of fact, and conclusions of law for the attorney fees award. Because we agree that the award under OCGA § 19-6-2 (a) was precluded by the parties' waiver of alimony, we reverse the trial court's award.

The record shows that in 2017, the Wife filed a complaint for divorce, which included a request for temporary and permanent alimony and attorney fees. On the day of trial, the parties agreed to settle the case. The parties represented to the trial court that they had resolved all issues regarding debts and assets. As part of the settlement agreement, the parties waived alimony, both affirming that there was "no alimony or support of any kind" between them. But the parties reserved the issue of attorney fees for the trial court's determination.

The trial court held a hearing on the attorney fees issue. During the hearing, the trial court requested clarification as to which statutory provision applied to the Wife's request for attorney fees. In response, the Wife's counsel confirmed twice that attorney fees were being sought under OCGA § 19-6-2. The parties introduced evidence of their respective financial circumstances for the trial court's consideration as required by OCGA § 19-6-2. The trial court confirmed that it was only considering whether to award attorney fees under OCGA § 19-6-2 pursuant to the Wife's request.[1]

---

[1] The trial judge expressed, "They're only asking [for attorney fees] under [OCGA § ] 19-6-2 which, as I understand it, is in the discretion of the court. But I do have to consider the financial circumstances of both parties in making the award." The Wife's counsel acquiesced in the trial judge's statements confirming that the Wife's basis of recovery was under OCGA § 19-6-2 and did not suggest that attorney fees were being sought under a different statutory provision.

2

The Husband's counsel objected to the request for attorney fees, arguing that a recovery was prohibited under OCGA § 19-6-2 because the parties' settlement agreement had waived alimony. At the conclusion of the hearing, the trial court rejected the Husband's arguments and awarded attorney fees to the Wife in the amount of $5,000 under OCGA § 19-6-2.

The Wife's counsel prepared the final judgment and decree of divorce, which incorporated the parties' settlement agreement and included the attorney fees award to the Wife. The final decree was approved *as to form* by the Husband's counsel, and it was submitted to the trial court for entry. After the trial court entered the final decree, the Husband timely filed an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2) seeking review of the attorney fees award. We granted the Husband's application, and the instant appeal ensued.

1. The Husband contends that the award of attorney fees under OCGA § 19-6-2 (a) was precluded by the parties' settlement agreement waiving alimony. We agree.

Although the final judgment failed to specify the statutory provision under which the attorney fees were awarded, the parties do not dispute that the trial court's award was based upon OCGA § 19-6-2. OCGA § 19-6-2 (a) provides, in pertinent part, as follows:

The grant of attorney[] fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, . . . shall be:

(1) Within the sound discretion of the court, except that the court

shall consider the financial circumstances of both parties as a part

of its determination of the amount of attorney[] fees, if any, to be

allowed against either party[.]

In other words, OCGA § 19-6-2 authorizes attorney fees awards in certain actions involving alimony. Further, "[a]ttorney fees . . . awarded to a spouse pursuant to OCGA § 19-6-2 . . . are considered to be a part of alimony." *Vakharwala v. Vakharwala*, 301 Ga. 251, 254-255 (1) (b) (799 SE2d 797) (2017). When, as here, parties enter an agreement barring the recovery of alimony, an award of attorney fees under OCGA § 19-6-2 likewise is barred. See id. (holding that wife was barred from recovering attorney fees under OCGA § 19-6-2 since the parties' prenuptial agreement barred either party from seeking or obtaining any form of alimony or support from the other); *McClain v. McClain*, 237 Ga. 80, 81-82 (1) (227 SE2d 5) (1976) (holding that wife was not entitled to attorney fees under the predecessor to

4

OCGA § 19-6-2 because she entered into a reconciliation agreement with the husband that barred any future claims of alimony).

The parties' settlement agreement, which was incorporated into the final divorce decree, unambiguously waived the parties' rights to receive alimony. Specifically, the settlement agreement provided:

> *NO ALIMONY*. Each party waives and forever relinquishes any claims and rights each has or may have to alimony, maintenance and support of any nature from the other or his or her estate, whether in the form of periodic payments, lump sum payments or awards of property from his or her separate estate or otherwise.

The Wife concedes that the settlement agreement does not permit the award under OCGA § 19-6-2.[2] The Wife nevertheless argues that the reservation of the attorney fees issue and award in the decree create ambiguity as to whether attorney fees could be sought under OCGA § 19-6-2.

"The cardinal rule of [contract] construction is to ascertain the intention of the parties." OCGA § 13-2-3; *Sutherlin v. Sutherlin*, 301 Ga. 581, 584 (II) (A) (802 SE2d 204) (2017).

---

[2] In her appellate brief, the Wife states, "[w]e agree with the [H]usband that the settlement agreement does not permit the award."

5

> Where any contractual term of a settlement agreement incorporated into a decree is clear, unambiguous, and capable of only one interpretation as written, the provision's plain meaning must be strictly enforced. However, where there is ambiguity, we must apply well-settled rules of contract construction.

*Cahill v. United States*, 303 Ga. 148, 150 (810 SE2d 480) (2018) (citation and punctuation omitted). Under OCGA § 13-2-2 (4), "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part[.]" We are mindful of the maxim that "[we] should avoid any construction that renders portions of the contract language meaningless." *Sutherlin*, 301 Ga. at 585 (II) (A) (citation and punctuation omitted). The "No Alimony" provision in the parties' settlement agreement did not provide an exception for attorney fees. A construction of the terms of the settlement agreement that would allow for such an exception would render meaningless the provision's broad waiver and relinquishment of "any claims and rights each has or may have to alimony, maintenance and support of any nature[.]" Because the Wife's suggested construction in this regard would invalidate the agreed upon broad waiver of alimony, her construction is not authorized. See *Ford v. Ford*, 349 Ga. App. 45, 49-51 (3) (825 SE2d 449) (2019) (physical precedent only)

(rejecting wife's construction of attorney fees provision that would nullify the broad waiver of alimony in the parties' settlement agreement, and holding that award of attorney fees to wife was precluded by the waiver of alimony).

Moreover, the parties' agreement to reserve the issue of attorney fees for the trial court's determination does not establish an intent to allow attorney fees under OCGA § 19-6-2 (a). Notably, OCGA § 19-6-2 does not provide the only statutory basis upon which an award of attorney fees can be sought in a divorce proceeding. For instance, OCGA § 9-15-14 authorizes a court to assess attorney fees against any party who has engaged in misconduct in bringing a claim or in defending against any civil action.[3] See *Vakharwala*, 301 Ga. at 253-254 (1) (a) (affirming an award of attorney fees to the wife under OCGA § 9-15-14 (b) in a divorce action based on the

---

[3] After the trial court entered the final judgment and divorce decree, the Wife filed a motion for attorney fees to assert a claim under OCGA § 9-15-14. The trial court did not rule upon the Wife's motion before the Husband filed the application for discretionary appeal. To the extent that the Wife was seeking an amended order modifying the ground for the award of attorney fees, her requested relief could not be provided while appellate review was pending. See OCGA § 5-6-35 (h) ("The filing of an application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as supersedeas."); *Wright v. Burch*, 331 Ga. App. 839, 842 (1) (a) (771 SE2d 490) (2015) (upon the filing of an application for discretionary review, the trial court is divested of jurisdiction; thus, "any attempts by [a] trial court to alter its ruling" on the subject motion after the filing of an application for discretionary review would be void) (citation omitted).

7

husband's egregious and improper behavior). When the parties' settlement was announced to the trial court, the Wife had not yet identified the statute under which attorney fees were being sought. At a point during the hearing, the Wife's counsel argued generally that the Husband had engaged in misconduct that had unnecessarily expanded the proceedings. But the Wife's counsel stopped short of presenting evidence supporting a claim under OCGA § 9-15-14 and instead claimed that attorney fees were being sought under OCGA § 19-6-2 (a).[4] Because OCGA § 19-6-2 (a) was not the only available authority for an attorney fees award, the parties' reservation of the attorney fees issue did not establish an intention to carve out an exception from the broad waiver of alimony. Accordingly, we reject the Wife's arguments suggesting an exception to the "No Alimony" settlement provision. The parties' waiver of alimony in the settlement agreement precluded the attorney fees award under OCGA § 19-6-2 (a). See *Vakharwala*, 301 Ga. at 254-255 (1) (b).

---

[4] The Wife's allegations regarding the Husband's misconduct did not support a claim for attorney fees under OCGA § 19-6-2. "An award under OCGA § 19-6-2 depends on the financial circumstances of the parties, not their wrongdoing; it is to be made with the purpose of ensuring effective representation of both spouses in an action arising out of a divorce." *Cason v. Cason*, 281 Ga. 296, 299-300 (3) (637 SE2d 716) (2006) (citation and punctuation omitted).

8

2. In light of our decision to reverse the attorney fee award in Division 1, the Wife's claim of error challenging the form of the award in the final decree has been rendered moot.

*Judgment reversed. Dillard, P. J., and Hodges, J., concur.*