Nash,
 
 J.
 

 We
 
 see no error in the charge of the Judge. The bill of sale, made by Step to the plaintiffs, being absolute on its face, was, in law, fraudulent and void as to the creditors of Step, in consequence of the private agreement for •the redemption of the horse. But the parties wbre not forbidden to enter into a new contract for the sale of the horse ; and, if made in good faith and for a valuable consideration, the new contract would not be contaminated by the fraud in the first. It could not give- a legal existence to the bill of sale, but was in itself valid. Thus where securities, given upon an usurious loan, have been destroyed by mutual consent, a promise by the borrower to repay the money borrowed with legal interest is binding.
 
 Barnes
 
 v Hedly, 2
 
 Taunt
 
 184. If real property be sold, with a view to defeat or delay or hinder the creditors of the vendor, as to them it is fraudulent and void, but between the parties the deed is binding, and the fraudulent grantee has a title and a right to sell; and if he does alienate to a purchaser, ignorant of the •fraud, for a valuable consideration, the innocent vendee will hold against the creditors of the first vendor.
 
 Martin
 
 v
 
 Cowles,
 
 1 Dev. & Bat. 29. The principles established by the above cases shew, that, although the bill of sale was void, as against the creditors of Step; yet the subsequent contract was valid, if made in .good faith and before the levying of the execution by the defendant Cantrel. Such were the instructions of his Honor, to the jury, in which we think there is no error.
 

 Per Curiam, Judgment affirmed.