# 620 DECISIONS IN CASES NOT REPORTED.

ground. Upon the retrial now under review a nonsuit was granted, it being said by the trial justice that in his opinion the facts were not in any material respect changed from what they were upon the former trial. We are of the opinion that the nonsuit was properly granted. The changes, if any, in the evidence related to the proof on the question of whether the conductor of the train told the plaintiff to jump on. Assuming the conductor did so tell the plaintiff, the principle of the *Hunter Case* (126 N. Y. 18) would, we think, be applicable and call for a nonsuit. The train here, according to the evidence on the part of the plaintiff, was going at about the rate of two miles an hour. In the *Hunter* case the rate was from one to two miles an hour. In the *Hunter* case the danger was apparent, and so it was here. We think the judgment should be affirmed. Present—Hardin, P. J., Martin and Merwin, JJ.

Christian Cook, Respondent, v. Josephine Rowell, Appellant.—Judgment affirmed, with costs.—

MERWIN, J.: I fail to find in this case any good ground for reversal. The action is on two notes, and the defendant cannot complain because the plaintiff has recovered on but one. Whether the defendant in fact indorsed the last note, and whether there was any duress as to the indorsement of either, were questions of fact and disposed of by the referee in favor of plaintiff. The giving of time was a sufficient consideration. The defendant says she was not in any event to be troubled or called on for pay, but this, if a defense, was a question of fact. The defendant says that more interest was allowed than was demanded. The argument is based on what was evidently a clerical error. Besides, the aggregate of the demand is more than the recovery. The defendant was an accommodation indorser for the maker for valuable consideration and liable for the full amount. The judgment should be affirmed, without opinion. Hardin, P. J., and Martin, J., concurred.

Fred C. Biggs and Others, Respondents, v. Homer W. Rightmeyer and Others, Appellants.—Order affirmed.

Richard Cussack, Respondent, v. Homer W. Rightmeyer and Others, Appellants.—Order affirmed.

James B. Wise and Frederick Gayer, Appellants, v. Clinton W. Rider, Respondent.—Judgment affirmed, with costs.—

MARTIN, J.: A through examination of the evidence contained in the appeal book has led us to the conclusion that the findings of the trial judge were fully sustained, and that the court properly directed a judgment dismissing the plaintiffs' complaint, with costs. The opinion of the learned trial judge so clearly presents the questions involved and the principles of law which govern them, as to render any further discussion unnecessary. We have also examined all the rulings of the trial court to which our attention has been called by the appellants, but have found none that would justify a reversal of the judgment, or that require special discussion. It follows that the judgment should be affirmed. Hardin, P. J., and Merwin, J., concurred.

The Binghamton Opera House Company, Appellant, v. The City of Binghamton, Respondent.—Judgment affirmed, with costs.—

HARDIN, P. J.: Plaintiff seeks to recover possession of the premises described in the complaint, the same being the premises sought to be acquired by the defendant for the extension of Henry street in virtue of proceedings in condemnation instituted under the charter of the defendant. This action was commenced on the 28th of December, 1892,

and in the complaint it was alleged that the plaintiff acquired title, which was theretofore possessed and held by Edward J. Patterson and Jennie Patterson to the lands described in the complaint, the same having been purchased at a foreclosure sale had upon a mortgage executed by the Pattersons to Charles Schlager and another, and subsequently assigned to the Binghamton Trust Company, and by it foreclosed. At the sale Francis W. Downs became the purchaser, and a few days after the purchase he transferred his right, title and interest in the premises so purchased to the plaintiff. The complaint alleges that the defendant wrongfully took possession of the premises on the 12th of December, 1892, and that the defendant still withholds the same from the plaintiff. The defendant admits instituting proceedings under its charter to acquire the premises for street purposes mentioned in the complaint, and that condemnation proceedings were conducted under the charter, and avers "that it did and performed on its part all the conditions necessary and requisite to be performed to acquire the right to use as a street in behalf of and for the city of Binghamton, and that said city duly acquired the right to open, use and continue said street." It also alleges "that plaintiff assented to and acquiesced in the taking of the property described in the complaint by this defendant, and, in pursuance of a notice theretofore given, took and caused to be removed from said premises the buildings thereon, thereby assenting to the proposed taking by defendant and lessening the price affixed on said property one hundred dollars." The defendant avers by way of answer "that possession of the premises embraced in the extension of Henry street was taken by and with the consent and permission of the plaintiff herein." The trial court has, in its findings of fact, stated the conclusions reached upon numerous questions relating to the validity of the proceedings of the defendant to acquire title to the property in question. The trial court has found that there was a dispute as to the award made in the condemnation proceedings in the following language: "That on the 18th day of August, 1892, the right to receive, and ownership of the award therein, was disputed between Edward J Patterson and Jennie Patterson on the one part, claiming the same, and the Binghamton Opera House Company, also claiming the right to said award, and by reason of such dispute and in pursuance of and under a resolution of the common council of the city of Binghamton duly passed and approved by its mayor, as set out in finding twenty-eight herein, the defendant paid to the office of the clerk of the county of Broome, as clerk of the Supreme Court, the said sum of $6,170.00, being said award, which was duly received by said clerk, and defendant, at the time of such payment, accompanied the same with, and handed the said county clerk, a copy of said resolution containing the facts and circumstances of the case, and the amount of said award and such other facts and circumstances as related to the ascertainment of the award." We think the finding was based upon sufficient evidence to support the same. The court also found that "Soon after the 18th day of August, 1892, and upon and after the payment of the award to the office of the clerk of the county of Broome, the defendant lawfully, and with the assent of the plaintiff, entered upon the land described in the complaint, pursuant to the resolution of the common council declaring their determination to make such improvement and street, and caused the said street to be opened,