THE J. MILLER COMPANY, Appellant, v. J. L. BRACKEN,
Garnishee.

**Mortgages: CREDITORS:** *Fraud.* A creditor whose claim is directed
to be paid from the proceeds of a stock of goods, by the erms of
a mortgage on the property, executed to a trustee for that pur-
pose, is entitled to the fund as against general creditors, although
a previous chattel mortgage alleged to be fraudulent had been
executed in her favor, which was left unfiled for about two years,
but under which she made no claim.

*Appeal from Tama District Court.*—HON. G. W. BURN-
HAM, Judge.

FRIDAY, FEBRUARY 4, 1898.

ISSUES were joined between the plaintiff, a creditor
of W. A. Inscho, and J. L. Bracken, garnished as a sup-
posed debtor to said Inscho. The garnishee moved for
a verdict, which motion was sustained, and a verdict
return for the defendant, and judgment for costs ren-
dered against plaintiff. Plaintiff appeals.—*Affirmed.*

*Struble & Stiger* for appellant.

*W. H. Stivers* and *J. W. Willett* for appellee.

GIVEN, J.—Plaintiff commenced this action, to
recover one hundred and sixty-three dollars and forty
cents, against W. A. Inscho. An attachment was
issued, and J. L. Bracken garnished, as a supposed
debtor of said Inscho. Inscho had been engaged in the
mercantile business at Tama, Iowa, for a number of
years, and at that time owned a stock of merchandise
worth about four thousand dollars. On October 31,
1892, Inscho executed to Diana Salsbury, his wife's
mother, a chattel mortgage on said goods, to secure two

notes aggregating two thousand five hundred and forty dollars. On November 5, 1894, about 8 o'clock P. M., said mortgage was filed for record by one Johnson, at the instance of the mortgagor. Soon thereafter the First National Bank of Tama brought an action, aided by attachment, against said Inscho, to recover an indebtedness of about two thousand dollars, and caused the attachment to be levied upon said stock of merchandise. On the seventh day of November, 1894, W. A. Inscho executed to James L. Bracken, as trustee, a mortgage upon said stock of goods to secure the indebtedness to said bank and to Diana Salsbury; priority being given to the indebtedness to the bank. Mr. Bracken, as such trustee, took possession and disposed of the goods; and it is agreed that he has in his hands, funds sufficient, realized from the sale of the goods, after paying the claim of the bank, to pay the amount of plaintiff's claim and the costs herein. The contention is whether that balance remaining in the hands of the garnishee shall go to Mrs. Salsbury, or to the plaintiff company. Appellant's contention is that the mortgage of October 31, 1892, to Mrs. Salsbury, was never delivered, or, if delivered, was withheld from record, in pursuance of an understanding between the parties thereto, and was, therefore, fraudulent, as to the plaintiff, who extended credit to Inscho upon the faith of his being the owner of said stock of goods free from incumbrance. This contention may be conceded, yet the question remains whether Mrs. Salsbury is not entitled to the balance remaining in the hands of the garnishee under the mortgage made to him as trustee, November 7, 1894. That mortgage appears to have been executed in pursuance of an arrangement between the attorney for the bank, and the attorney for Mrs. Salsbury. There is no question but that Inscho was indebted to Mrs. Salsbury in the amount secured by the mortgage, and no reason appears why her attorney might not, for her,

have taken this last mortgage. The fact that the mortgage of October 31, 1892, was fraudulent as to creditors of Inscho, was no reason why a valid mortgage might not be taken to secure the same idebtedness. Nothing is claimed for Mrs. Salsbury under that first mortgage, but only under the second, the validity of which is not questioned. Nothing occurred in connection with this second mortgage to deceive the plaintiff into extending credit to Inscho. As we view the case, it stands as though the first mortgage had never been given, and Mrs. Salsbury is entitled to the amount in the hands of the garnishee under the mortgage executed to him as trustee. This conclusion finds support in *Letts-Fletcher Co. v. McMaster*, 83 Iowa, 450, and *Everingham v. Harris*, 99 Iowa, 447. There was no error in sustaining the garnishee's motion to strike said mortgage of October 31, 1892, from the evidence, nor in directing a verdict for the garnishee.—AFFIRMED.