OWEN *v.* S. P. RICHARDS PAPER COMPANY *et al.; et vice versa.*

Nos. 12873, 12874. JUNE 15, 1939.

*Frank O. Evans, Furman Smith,* and *Brandon, Hynds & Tindall,* for Owen et al.

*Frank R. Martin* and *E. A. Wright,* contra.

GRICE, Justice. S. P. Richards Paper Company, a creditor of Johnson, filed a petition against him and S. R. Owen, alleging that a certain conveyance was made from Johnson to Owen, that no consideration was paid therefor, and that it was made with intent to defraud the creditors of Johnson. Certain other creditors intervened. The petition was amended without striking the allegation that Johnson had conveyed his property to Owen, the amendment alleging that Johnson never executed the deed at all, but the same was a forgery. The amendment was admitted over Owen's objection that it was inconsistent with and contradictory to the original petition, and that it sought to add a new and distinct cause of action. And to the petition as amended Owen demurred on the

ground that it was uncertain, inconsistent, and duplicitous, in that it sought to allege both that Johnson did not execute the deed and that he did execute it with intent to hinder, delay, and defraud his creditors. The court overruled the demurrer, and error is assigned. The case was referred to an auditor, who heard evidence and reported his findings of fact and of law. Owen filed exceptions of law and of fact to the report of the auditor. Some of these were sustained by the judge, and some were overruled. Owen filed a motion for a decree in his favor, which was denied, and to that ruling he filed exceptions pendente lite, and assigned error thereon in his bill of exceptions. The judge submitted to a jury certain issues; and their verdict being adverse to Owen, a decree was entered against him. To the overruling of his motion for a new trial Owen excepted. The plaintiffs filed a cross-bill of exceptions, complaining of the sustaining of exceptions filed by Owen to certain findings of the auditor.

█ It was error to allow the amendment, and to overrule the demurrer to the petition as amended. We have not here presented an instance of striking an averment and substituting a different and conflicting allegation. Compare *Harrell* v. *Parker*, 186 *Ga.* 760 (198 S. E. 776); *Goble* v. *Louisville & Nashville R. Co.*, 187 *Ga.* 243 (200 S. E. 259). In the case at bar the statement contained in the amendment was so repugnant to the facts set forth in the petition that they neutralized and destroyed each other. *Adams* v. *Johnson*, 182 *Ga.* 478 (185 S. E. 805). "Certainty of statement is one of the great aims of pleading; and this can not be attained if the plaintiff in the same count be permitted to base his case upon inconsistent allegations. A defendant is entitled to be informed of the facts upon which the plaintiff bases his action. When the cause of action arises out of a single transaction, the details of the transaction should not be alleged so as to be contradictory." *Central of Georgia Ry. Co.* v. *Prior*, 142 *Ga.* 536 (83 S. E. 117). When a plaintiff in a petition which contains but one count brings a suit to have declared void and canceled a deed by his debtor, on the ground that it was made with intent to hinder, delay, and defraud creditors, such knowledge being known to the grantee, he can not amend by alleging that the deed was a forgery. Whether he could do this over appropriate objection, if at the same time he struck the original allegation that the deed was made with

unlawful intent, known to the grantee, is a question not presented by this record. But it is a violation of the very elements of good pleading to compel a defendant to meet a petition with but one count when the facts relied on for recovery are inconsistent and contradictory. The amendment having been allowed over the objection, the petition as amended should have been dismissed.

■ Ordinarily, the ruling just announced being controlling, we would not consider the other assignments of error; but since, if the judgment were reversed solely on that ground, when the case again reaches the trial court it is possible to offer an amendment which would save the action from being dismissed (compare *City of Rome* v. *Sudduth*, 121 *Ga.* 420, 49 S. E. 300); we have concluded that plaintiff in error is entitled to have passed upon certain other of his assignments of error. After the auditor had made a report of his findings, counsel for Owen moved that the court enter a decree in his favor, notwithstanding certain findings of the auditor. Should the motion have been granted? Ordinarily, when a plaintiff in the superior court seeks a judgment or decree in personam, and the defendant files an appropriate and timely defense to the action, it is a prerequisite that the essential facts on which reliance is had for a recovery be established by a verdict. Generally the verdict is a general one, as for instance, "We, the jury, find for the plaintiff," etc., in which event it is presumed that every material allegation of the petition was by the jury found to be proved. Sometimes the jury returns a special verdict; that is to say, they make a finding of specific facts. In such a case the plaintiff is not entitled to a judgment or decree, unless by their verdict the jury find the truth of the essential issues to be with the plaintiff. In certain instances an auditor is appointed to ascertain the facts, as well as the law, and he is required to report his findings separately. If the law when applied to the facts as found by him entitles the plaintiff to a judgment or decree, the court so adjudges or decrees. But there can be no judgment or decree for the plaintiff in a case referred to an auditor, unless the facts as found by him justify it. If the report of that official does not cover all the essential issues, it is the right of a party to have it recommitted. But if a party, instead of moving to recommit, elects to stand on the report as submitted, then the issue before the judge is whether or not, on the facts as found by the auditor, the

plaintiff or the defendant is entitled to a judgment or decree. We are omitting any reference to the statute which gives a party in a common-law case an absolute right, and in an equity case a conditional right, to have exceptions of fact to an auditor's report passed on by a jury. "A decree is the judgment of the judge in equitable proceedings, upon the facts ascertained." Code, § 37-1201. When there is an error of law apparent on the face of the auditor's report, wholly irrespective of the evidence on which it is based, the court can correct such an error by its judgment. *Brinson* v. *Wessolowsky,* 57 *Ga.* 142; *Andrews* v. *Usher,* 59 *Ga.* 567, 577; *Wade* v. *Peacock,* 121 *Ga.* 816 (49 S. E. 826). In the case last cited it was held that although exceptions to the auditor's report had been withdrawn, still the judge in framing his decree should correct any error of law apparent on the face of the report, and make his decree conform to the law. In the opinion it was said: "We are not aware of any law requiring a judge to make an erroneous decree, based on a palpably erroneous report of law by an auditor, merely because the party affected did not file exceptions to the report. Such a rule would subordinate the judicial powers of the court to those of the auditor. To hold that re-reference to the auditor is necessary would lead to vexatious and useless delay; for if the error of law is apparent, why may not the judge correct it at first hand, rather than send it back to the auditor for correction?" *Wiley* v. *Sparta,* 154 *Ga.* 1 (114 S. E. 45, 25 A. L. R. 1342), was a suit wherein the city undertook to hold the bond commissioners liable for the loss of certain bonds belonging to the sinking-fund of the city. The case went to an auditor, who made specific findings of fact, and he concluded that, based upon the findings of fact, the law relieved the bond commissioners of liability. The judge approved the auditor's findings of fact, but entered a decree holding the commissioners liable. In the opinion this court met the question whether the chancellor can, upon the findings of fact by an auditor which are approved by the court, render against parties a decree different from the legal conclusion reached by the auditor in their favor under such findings of fact, and answered the question in the affirmative.

Let us apply to the instant case the principle underlying the foregoing decisions. The gist of the plaintiffs' petition was, not simply that Johnson had conveyed his property to Owen with in-

tent to hinder, delay, and defraud his creditors, but that, first, it was a voluntary deed; and secondly, that Owen was a guilty party who shared Johnson's intent. The plaintiffs' prayer was to cancel and set aside the deed, and by amendment an alternative prayer that the same be declared null and void. In his answer Owen denied that the deed was without consideration, and also denied the charge that he purchased the property with any intention of defrauding Johnson's creditors. A creditor can not, as against a grantee, have a deed of his debtor set aside by showing that he made it with intent to hinder, delay, and defraud his creditors, without also establishing as a fact either (a) that the grantee paid no consideration for the transfer, or (b) that he knew at the time of the illegal intent of the grantor. Code, § 28-201. The report of the auditor was silent as to any finding as to want of consideration or knowledge of intent. In the absence of any such finding the plaintiffs, on whom the burden rested, were not entitled to a decree, and the motion of Owen that the court enter a decree in his favor on the facts as found by the auditor should have been granted.

■ It appears from the record that the judge undertook to correct the error in the auditor's report in not making a finding on either of the two essential issues hereinbefore pointed out. The ninth finding of fact by the auditor was as follows: "That the taking of the deed from W. G. Johnson to S. R. Owen, set forth in Exhibit 6, and the taking of the transfer from Mrs. John A. Strickland to S. R. Owen of the security deed from W. G. Johnson to Mrs. John A. Strickland set forth in Exhibit 68, were parts of a single transaction, and constituted a conveyance intended to hinder, delay, and defraud creditors." Owen filed an exception thereto, and the court in passing upon it ordered as follows: "Exception of fact No. 8 is hereby sustained in part, and the ninth finding of the auditor, in so far as it relates to the transfer from Mrs. John A. Strickland to S. R. Owen, is disapproved and set aside. The remaining portion of said exception will be dealt with later in this order." And later, in another paragraph of the order, the court held: "Exception of fact No. 8 to the ninth finding of fact as follows: 'That the taking of the deed from W. G. Johnson to S. R. Owen, set forth in Exhibit 6, . . constituted a conveyance intended to hinder, delay, and defraud creditors,' is

approved, and the issue raised by the pleadings as to whether or not the conveyance from W. G. Johnson to S. R. Owen was intended by Johnson to hinder, delay, and defraud his creditors, and whether or not Owen knew of such intention when he took the deed, is hereby referred to a jury, to be passed upon by a jury in the usual manner for such exceptions. Questions of fraud are peculiarly issues for a jury, and it has been the practice of this court to refer them to a jury." It will be noted that his honor did not quote the entire ninth finding. The auditor in his finding joined the deed from Johnson to Owen with a transfer which Owen took from Mrs. Strickland of a security deed made by Johnson to her, the auditor reporting that the two "were parts of a single transaction." The judge, however, in passing upon Owen's exception to the ninth finding of fact by the auditor, referred to the jury *the issue raised by the pleadings* as to whether or not the conveyance from W. G. Johnson to S. R. Owen was intended by Johnson to hinder, delay, and defraud his creditors, *and whether or not Owen knew of such intention when he took the deed."* (Italics ours.) It thus appears that the judge referred to the jury an issue, though raised by the pleadings, not contained in the finding excepted to. This was error. The only issues to be determined by a jury on the trial of exceptions of fact to an auditor's report are those made by the exceptions. *Harris* v. *Lumpkin,* 136 *Ga.* 47 (70 S. E. 869) ; *McDonald* v. *Dabney,* 161 *Ga.* 711 (132 S. E. 547) ; *Cherokee Ochre Co.* v. *Georgia Peruvian Ochre Co.,* 162 *Ga.* 620, 624 (134 S. E. 616).

■ The cross-bill of exceptions complains that the court erred in sustaining exceptions of fact numbers 1 to 10, inclusive, and in disapproving and setting aside the auditor's findings of fact numbers 2 to 11, inclusive, and in refusing to let such findings be passed on by a jury. When the judge sustains or approves an exception of fact, it is his duty to let the issue raised by the finding and the exception thereto be passed on by a jury. *McDonald* v. *Dabney,* supra. The error here was harmless, however, because had all these been submitted to a jury, and had there been a finding favorable to plaintiffs in error in the cross-bill, they still would not have established by the findings of the auditor facts sufficient to entitle them to relief, for the reason heretofore pointed out.

■ Error is assigned in the cross-bill of exceptions on the court's

sustaining Owen's first exception of law. That exception was that the deed from Johnson to Owen was void, because of its procurement by an attorney acting in the dual capacity of agent for both purchaser and seller without a full and frank disclosure to the seller of the fact that he was also acting as agent of the purchaser. There was no pleading raising the issue of dual agency. The deed was not attacked on any such ground, even if creditors could make such an attack. Compare *Red Cypress Lumber Co.* v. *Perry,* 118 *Ga.* 876, 879 (45 S. E. 674); *Whitley* v. *James,* 121 *Ga.* 521, 523 (49 S. E. 600). There was no error in sustaining the exception. Counsel for the plaintiffs in error in the cross-bill of exceptions, in their briefs, expressly abandon their assignments of error on the court's rulings on the auditor's findings of law numbered 4, 5, 6, and 7. The 8th finding of law was a mere conclusion of the auditor, based on his findings of fact, that the plaintiff and various intervenors were entitled to have an "accounting by S. R. Owen for the monies coming into his hands by the operation of The Milledgeville Times and The Ben Johnson Press and from any rentals of any part of the properties involved herein from and after November 4, 1935." For reasons stated elsewhere in the opinion, there was no error as to this exception.

■ The ninth finding of the auditor was as follows: "That the taking of the deed from W. G. Johnson to S. R. Owen, set forth in Exhibit 6, and the taking of the transfer from Mrs. John A. Strickland to S. R. Owen of the security deed from W. G. Johnson to Mrs. John A. Strickland, set forth in Exhibit 68, were parts of a single transaction and constituted a conveyance intended to hinder, delay, and defraud creditors." Prior to the deed from Johnson to Owen, the former had given a security deed to Mrs. Strickland; and when Johnson conveyed to Owen, the latter obtained from Mrs. Strickland a transfer of her security deed. Since the auditor found that they were parts of a single transaction and constituted a conveyance intended to hinder, delay, and defraud creditors, and since he further found that Evans, Owen's attorney, took the transfer with notice that the security deed was originally given to defraud creditors, the question arises whether or not the taking of the transfer rendered the whole transaction fraudulent, so as to relieve the creditors of Johnson from establishing that the deed from Johnson to Owen was fraudulent, and that as to that deed

Owen knew of Johnson's intention. Can it be that if a bona fide purchaser, in order to clear the title, takes a transfer of an outstanding deed to secure debt which he may know was originally put upon the property to defraud creditors, he thereby loses his character as a bona fide purchaser? We do not think so. The case of St. Louis Mutual Life Ins. Co. v. Cravens, 69 Mo. 72, is in point. In that case the debtor had purchased the property and had title placed in his wife's name for the purpose of defrauding his creditors. Later the debtor and his wife joined in a conveyance to a third person. Certain creditors sought to set the deed aside on the grounds, among others, that since the purchaser had taken a conveyance from the wife, whose title was fraudulent, the whole sale was rendered fraudulent. The court dismissed the contention as obviously unsound. The Supreme Court of North Carolina ruled as follows: "When A made a fraudulent deed of trust of certain property to B, and for a fair price and bona fide conveyed the property to B: *Held*, that B acquired a good title, notwithstanding the previous fraudulent transaction." White *v.* White, 35 N. C. (13 Ired.) 265. In the opinion in that case the court said: "Assuming the deed of trust to have been fraudulent, yet, clearly, the fraudulent grantor and grantee, united, must be able to make a good title. For the title must be in one of them; and unless it could be conveyed, we should have an instance of property perpetually inalienable. A stranger might, therefore, have purchased this property. So might the plaintiff, for a fair price and bona fide, which is admitted to be the case here." It was held in the following cases that the fact that the grantor had previously given the grantee a mortgage on the property for the purpose of defrauding his creditors would not render fraudulent a later bona fide sale of the property to the same grantee: Thornton *v.* Cook, 97 Ala. 630 (12 So. 403); Miller *v.* Bracken, 104 Iowa, 643 (74 N. W. 2); Pettee *v.* Dustin, 58 N. H. 309; King *v.* Cantrell, 26 N. C. 251; Wise *v.* Rider, 88 Hun, 620 (34 N. Y. Supp. 782). If the fraudulent mortgagee himself can later buy the property, certainly a later grantee, who was not a party to the fraud, could take a transfer from the fraudulent mortgagee purely for the purpose of clearing the record. Neither the deed from Johnson to Strickland nor the transfer thereof to Owen was mentioned in the pleadings; and in the absence of an attack therein, the exception to so much

of the auditor's finding as dealt therewith should have been sustained, on the ground that there was no pleading to sustain said finding, as well as on the ground that the finding was contrary to law.

The foregoing rulings do not deal with all the assignments of error, but all that are necessary to be ruled on, in view of the conclusion we have reached as to the case as a whole. Since under the pleadings and the findings of fact made by the auditor the plaintiffs are not entitled to the only relief sought, it is ordered that the judgment be reversed, and that the trial court enter a decree in favor of the defendant Owen, denying to the plaintiffs the relief prayed for.

*Judgment reversed on the main bill of exceptions, with direction. Judgment affirmed on the cross-bill. All the Justices concur.*