S06A2078. LUDWIG et al. v. LUDWIG et al.
(642 SE2d 638)

HUNSTEIN, Presiding Justice.

On cross motions for summary judgment, the trial court ruled in favor of appellees, the current trustees of the 1981 Irrevocable Inter Vivos Trust of Ida Thomas Ludwig, against claims brought by appellants, two children of one of the trustees by his ex-wife. Finding no error in the trial court's rulings, we affirm.

Ida Thomas Ludwig established the trust for the benefit of her three sons, their spouses and children. The sons were named trustees and the trust was primarily managed by one son until his death in 1997. Appellees, the current trustees, are the grantor's two surviving sons and her deceased son's widow.

1. Appellants filed suit on June 21, 2004. Pursuant to OCGA § 53-12-198 (d), their claims relating to events pre-dating July 1, 1991 are barred because they were not brought before July 2, 1997.[1] Their claims arising before June 21, 1998 are barred because they were not brought within six years of the filing of their complaint. Id. at (a).[2] The record contains no evidentiary basis for tolling the statute of limitation. Thus, the trial court did not err by granting summary judgment to appellees as to appellants' claims barred by OCGA § 53-12-198 (a) and (d). See generally *Swanson v. Swanson*, 269 Ga. 674 (1) (501 SE2d 491) (1998).

2. The trust language in issue provides that the trustees "shall from time to time, or at any time, pay out of the net income or principal . . . amounts, whether equal or unequal . . . as may be needed for the support, maintenance, education and medical needs, consistent with a high standard of living, of the [beneficiaries]." Appellants concede that the language is discretionary but contend appellees have abused their discretion by failing to consider the needs of the beneficiaries, specifically, appellants' need for money in response to debts they have accumulated. The evidence establishes that one appellant, an attorney, has received more sums from the trust than the remaining eight grandchildren; the other appellant, a member of the United States armed forces, has received more sums than two other grandchildren.

Contrary to appellants' argument, our careful review of the record does not reflect that appellees have failed to exercise their discretion when considering the needs of appellants, as beneficiaries of the trust. Rather, the record shows that appellees have simply determined that appellants are not in the sort of "need" that would warrant the disbursement of trust funds in the amounts appellants have demanded. Appellants have failed to demonstrate any question of fact that appellees' exercise of discretion in this regard was

---

[1] OCGA § 53-12-198 (d) bars claim that accrued prior to July 1, 1991 "unless a proceeding to assert the claim is commenced either prior to the date the claim would have been barred had this Code section not been enacted or within six years from July 1, 1991, whichever is sooner."

[2] OCGA § 53-12-198 (a) bars a beneficiary's claim that is not commenced within six years after the beneficiary's receipt of a written report that adequately disclosed the existence of a claim or within six years after the beneficiary discovered or should have discovered the subject of the claim.

" 'infected with fraud or bad faith, misbehavior, or misconduct, arbitrariness, abuse of authority or perversion of the trust, oppression of the beneficiary, or want of ordinary skill or judgment.' [Cit.]" *Cates v. Cates*, 217 Ga. 626, 632 (124 SE2d 375) (1962).

3. Appellants also assert that appellees have mismanaged the trust. Regarding the matters appellants raise that are not time barred, see Division 1, supra, the record establishes that appellees have received professional advice regarding the trust's assets; that the trust expressly provides for the retention of assets contributed by the trust's grantor "without regard to principles of diversification" and that appellees retained certain assets for tax reasons appellants have failed to show were unreasonable; and that appellants adduced no evidence to support appellant Daniel Ludwig's opinion that appellees' retention of certain stock violated their duty under OCGA § 53-12-287 (b) to act in a prudent manner. See *C & S Nat. Bank v. Haskins*, 254 Ga. 131 (I) (1) (327 SE2d 192) (1985).

4. We find no merit in appellants' remaining arguments. Given the trust provision authorizing appellees to seek professional assistance,[3] appellants have failed to support their claim that appellees breached their fiduciary duty by revealing appellants' personal financial information to third persons. While the record reflects that appellees have not perfectly performed all of their administrative obligations under the trust and that they improperly expended trust assets on non-trust property owned by the grantor, the record uncontrovertedly establishes that appellants were not damaged thereby. See generally *SunTrust Bank v. Merritt*, 272 Ga. App. 485 (2) (612 SE2d 818) (2005) (claim for breach of fiduciary duty requires proof of damage proximately caused by breach).

Accordingly, because appellants failed to show that appellees, as trustees of a discretionary trust, failed to act bona fide in the reasonable exercise of their discretion, see generally *Turner v. Trust Co. of Ga.*, 214 Ga. 339, 346 (105 SE2d 22) (1958), the trial court did not err by granting appellees' motion for summary judgment and denying appellants' cross motion.

*Judgment affirmed. All the Justices concur.*

---

[3] The trust provides that the trustees "may employ agents, custodians, attorneys, accountants, and other experts and pay them reasonable compensation from trust funds for their services."

DECIDED MARCH 19, 2007.

*Daniel D. Ludwig*, for appellants.
*Albert L. Norton, Jr.*, for appellees.