A11A1807. RELIANCE TRUST COMPANY v. CANDLER et al.
(726 SE2d 636)

MILLER, Judge.

Reliance Trust Company ("Reliance") was a co-trustee, along with Charles Howard ("Buddy") Candler III, of a revocable marital trust created by Buddy's late wife. Pursuant to the provisions of the marital trust, Buddy was to receive the income generated by the trust; under certain circumstances, and in the discretion of the trustee, Buddy was also entitled to receive distributions from the corpus of the trust. Before his death, Buddy exercised his limited power of appointment pursuant to the trust and appointed any remaining corpus to his eight grandchildren, who are the plaintiffs/appellees in this case.[1]

---

[1] The plaintiffs/appellees specifically include Paxton H. Candler; Rebecca L. Candler; Claire Clement Lucile Candler, by and through her natural parent, Charles H. Candler IV; Katherine R. Candler, by and through her natural parent Walker T. Candler; Carolyn R.

Buddy subsequently died in 2005. The grandchildren filed suit against Reliance for making improper distributions from the trust corpus. Reliance moved for summary judgment, asserting in part that the grandchildren's claims were barred because there was no evidence that Reliance abused its discretion in making the distributions. The trial court denied Reliance's motion for summary judgment. The grandchildren's claims proceeded to a jury trial, following which a verdict and judgment were entered in favor of the grandchildren. Reliance filed a motion for new trial, which the trial court denied. Reliance appealed, contending that the trial court erred in (1) denying Reliance's motion for summary judgment; (2) entering judgment on the verdict and denying Reliance's motion for new trial because there was no evidence to support the verdict and the damages award; (3) excluding certain testimony concerning the details about prior litigation between Buddy and his children; (4) instructing the jury that it was not bound to use the former statutory definition of "income" and denying Reliance's request to charge the jury on the former statutory definition of "principal"; and (5) calculating interest awarded to the grandchildren.

> Where a jury returns a verdict, the same must be affirmed on appeal if there is any evidence to support it, and the evidence is to be construed in a light most favorable to the prevailing party with every presumption and inference in favor of sustaining the verdict. We review a denial of a motion for a new trial according to this same standard. Thus, a jury verdict, after approval by the trial court, and the judgment thereon will not be disturbed on appeal if supported by any evidence, in the absence of any material error of law.

(Citations and punctuation omitted.) *Green v. Key Custom Homes*, 302 Ga. App. 800, 802-803 (1) (692 SE2d 56) (2010).

So viewed, the evidence shows that Buddy Candler and Claire Clement Candler were married in 1951. They had four children together and eight grandchildren. In 1996, the year before Claire's death, she established a marital trust identifying Buddy as the lifetime beneficiary of any income generated by the trust. With respect to the corpus of the marital trust, the trust instrument set

---

Candler, by and through her natural parent Walker T. Candler; Walker T. Candler, Jr., by and through his natural parent Walker T. Candler; Wade C. Carruth III; and Katherine C. Carruth, by and through her natural parent Claire C. Carruth.

forth the following encroachment provision:

> Whenever in the sole judgment of the [t]rustee the income being paid to [Buddy], together with any other income or periodic payments known to the [t]rustee that are being received by [Buddy] shall be insufficient for his proper support, maintenance, or to enable him to meet any difficulty produced by sickness, accident, or similar cause, such portion of the corpus of this trust estate as in the discretion of the [t]rustee is deemed appropriate shall be paid to him or for his benefit.

The trust instrument also gave Buddy limited power of appointment to designate who, as between his children and grandchildren, would receive the remaining trust corpus upon his death. The marital trust was funded upon Claire's death in 1997, at which time Buddy succeeded Claire as co-trustee along with Jack Sawyer. Wachovia Bank succeeded Sawyer as co-trustee in May 2000, and Reliance succeeded Wachovia Bank as co-trustee in June 2001. At the time Reliance became co-trustee, the corpus of the marital trust contained $2.1 million. Pursuant to the encroachment provision of the marital trust, Reliance authorized over $1 million worth of Buddy's distribution requests before his death in December 2005. At the time of Buddy's death, the corpus of the marital trust contained only $838,762. Pursuant to Buddy's will, his eight grandchildren were appointed as the remainder beneficiaries of the marital trust. In 2007, Buddy's grandchildren filed suit against Reliance, alleging that Reliance improperly invaded the corpus of the marital trust and raising claims against Reliance for breach of trust, waste of trust assets, and attorney fees.

1. Reliance first contends that the trial court erred in denying Reliance's motion for summary judgment because there was no evidence that Reliance abused its discretion in making distributions to Buddy from the corpus of the marital trust. "When the case has proceeded to trial and the verdict and judgment is before us for review, if the evidence supports the verdict, the issue of an earlier denial of summary judgment is moot." (Citations omitted.) *Schirmer v. Amoroso*, 209 Ga. App. 682, 683 (2) (434 SE2d 80) (1993). Here, Reliance sought summary judgment on the same issue considered and decided by the jury. Cf. *Malcom v. Morgan County Bd. of Tax Assessors*, 308 Ga. App. 61, 62 (706 SE2d 583) (2011). As addressed in Division 2 below, we affirm the trial court's denial of Reliance's motion for new trial, because there was evidence to support the jury's verdict. Thus, the propriety of Reliance's summary judgment is a moot issue. Contra *Schirmer*, supra, 209 Ga. App. at 683-684 (2) ("We

reverse the denial of appellants' motion for new trial as there is no evidence to support the verdict, so the issue of summary judgment is not moot."). "Because the denial of [Reliance's] motion for summary judgment presents nothing for us to review, this enumeration of error lacks merit." (Citation and punctuation omitted.) *Blazi v. Rich*, 306 Ga. App. 529, 530 (1) (702 SE2d 768) (2010).

2. Reliance next contends that the trial court erred in denying Reliance's motion for new trial because there was no evidence to support the verdict and the damages award. We disagree.

Reliance moved for a new trial under both OCGA §§ 5-5-20 and 51-12-12 (b). OCGA § 5-5-20 authorizes a trial court to grant a new trial "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity[.]" OCGA § 51-12-12 (b) also authorizes a trial court to grant a new trial "[i]f the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence[.]" Under either ground, "[t]he grant or denial of a motion for new trial is a matter within the sound discretion of the trial court and will not be disturbed if there is any evidence to authorize it." (Punctuation and footnote omitted.) *Beckett v. Monroe*, 249 Ga. App. 615, 616 (2) (548 SE2d 131) (2001); see also *Green*, supra, 302 Ga. App. at 803 (2); *ARA Health Svcs. v. Stitt*, 250 Ga. App. 420, 424 (2) (551 SE2d 793) (2001) ("[T]he trial court's decision on a motion for a new trial will be upheld on appeal unless it was an abuse of discretion.") (citation and punctuation omitted).

Here, we cannot say that the trial court abused its discretion in denying Reliance's motion for new trial since the evidence, when viewed in the light most favorable to the grandchildren, supported a finding that Reliance breached its fiduciary duties as co-trustee and was liable to the grandchildren for resulting damages in the amount of $1,140,924.41.

"The trustee shall be accountable to the beneficiary for the trust property. A violation by the trustee of any duty that the trustee owes the beneficiary shall be a breach of trust." OCGA § 53-12-300.[2] In order to recover for a trustee's breach of trust, a beneficiary must show proof of damages proximately caused by the breach. See *SunTrust Bank v. Merritt*, 272 Ga. App. 485, 489 (2) (612 SE2d 818) (2005)

---

[2] Although the Revised Georgia Trust Code became effective July 1, 2010, after the trial in this case, it applies to any trust regardless of the date such trust was created, with two exceptions: "to the extent it would impair vested rights" and "except as otherwise provided by law." OCGA § 53-12-1 (b); see also *McPherson v. McPherson*, 307 Ga. App. 548, 550 (1) (a) (705 SE2d 314) (2011). As Reliance has not shown that either exception applies in this case, we proceed under the Revised Trust Code as supplemented by the common law. See *McPherson*, supra, 307 Ga. App. at 550-551 (1) (a).

("Establishing a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach.") (punctuation and footnote omitted).

First, there was evidence that Reliance owed a fiduciary duty to the grandchildren, who were the remainder beneficiaries of the marital trust.

> In trusts like the present one with successive beneficiaries, that is[,] income to a beneficiary for life and the principal later to other beneficiaries, the interests of the two beneficiaries are to a certain extent antagonistic, and the trustee is under a duty so to administer the trust as to preserve a fair balance between them.

(Citation, punctuation and footnote omitted.) *SunTrust Bank*, supra, 272 Ga. App. at 488 (1). Here, the trust language made clear that Buddy was entitled to the income, and that the remainder beneficiaries — later designated as the grandchildren — were entitled to the corpus. "Under these circumstances, the duty owed to the remainder beneficiaries [was] to preserve and protect . . . the corpus of the trust." (Punctuation and footnote omitted.) Id.

Second, there was evidence that Reliance violated the fiduciary duty owed to the grandchildren by abusing its discretionary powers under the encroachment provision of the marital trust.

> (1) A discretionary power conferred upon the trustee to determine the benefits of a trust beneficiary is subject to judicial control only to prevent misinterpretation or abuse of the discretion by the trustee.
>
> (2) The benefits to which a beneficiary of a discretionary interest is entitled, and what may constitute an abuse of discretion by the trustee, depend on the terms of the discretion, including the proper construction of any accompanying standards, and on the settlor's purposes in granting the discretionary power and in creating the trust.

*McPherson v. McPherson*, 307 Ga. App. 548, 551 (1) (b) (705 SE2d 314) (2011) (citing Restatement (Third) of Trusts § 50 (2003)). Thus,

> [a]s the Revised Trust Code and the common law agree, . . . a court may interfere with an exercise of discretion by a trustee only if that discretion is infected with fraud or bad faith, misbehavior, or misconduct, arbitrariness, abuse of

authority or perversion of the trust, oppression of the beneficiary, or want of ordinary skill or judgment.

(Citations and punctuation omitted.) Id. at 552 (1) (b). As stated previously, the encroachment provision of the trust instrument clearly gave the trustee sole discretion to make distributions to Buddy from the corpus of the marital trust. There was evidence, however, that Reliance's exercise of discretion was "infected with . . . arbitrariness," as well as "oppression of the beneficiary" grandchildren. Id.[3] For instance, Reliance inconsistently treated Buddy's various encroachment requests. Reliance sometimes required Buddy to submit bills and invoices before it would approve his encroachment requests; other times it did not. Reliance sometimes required Buddy to submit a budget to support his encroachment requests; sometimes it did not. Reliance denied some encroachment requests for reimbursement of Buddy's attorney fees; however, other encroachment requests for reimbursement of attorney fees were paid. Reliance sometimes approved payment of mortgage and upkeep expenses for Buddy's North Carolina vacation property; but, at later times, Reliance denied payment of mortgage expenses on this same property. Reliance offered no consistent explanations for these disparities.

Moreover, in April 2003, Reliance began limiting its approval of Buddy's encroachment requests to certain specific expenses set forth in a yearly, budgeted encroachment amount. Reliance determined that such limitation was necessary because Buddy's frequent and routine requests, which were difficult for Reliance to track, combined with the amount of money previously distributed, were rapidly depleting the trust corpus; Reliance recognized that it needed to preserve the corpus for the remainder beneficiaries. Even then, Reliance still approved encroachment requests to pay additional expenses beyond Buddy's yearly allotted budget. Thus, there was at least some evidence to authorize the jury's finding that Reliance's distributions from the corpus were an abuse of its discretionary powers under the encroachment provision of the marital trust.

Finally, contrary to Reliance's contentions otherwise, there was evidence that the grandchildren were damaged by Reliance's abuse of

---

[3] Relying on *McPherson*, Reliance claims that the grandchildren were required to prove "bad faith" on the part of Reliance. However, as *McPherson* clearly sets out, "bad faith" is just one way in which a trustee can abuse its discretion. See *McPherson*, supra, 307 Ga. App. at 552 (1) (b). An abuse of discretion can also arise where the trustee's discretion is infected with fraud, misbehavior, misconduct, arbitrariness, abuse of authority, perversion of the trust, oppression of the beneficiary, or want of ordinary skill or judgment. See id.; see also *Ludwig v. Ludwig*, 281 Ga. 724, 725-726 (2) (642 SE2d 638) (2007).

discretion. Contra *Ludwig v. Ludwig*, 281 Ga. 724, 726 (4) (642 SE2d 638) (2007). Damages resulting from a breach of trust include "[a]ny loss or depreciation in value of the trust property as a result of such breach of trust, with interest," as well as "[a]ny amount that would reasonably have accrued to the trust or beneficiary if there had been no breach of trust, with interest." OCGA § 53-12-302 (a) (1), (3). Here, Reliance's encroachments reduced the corpus of the marital trust by $1,140,924.41, thereby diminishing the value of the corpus to be distributed among the grandchildren as the remainder beneficiaries.

In sum, there was evidence authorizing the jury's verdict in favor of the grandchildren in the amount of $1,140,924.41. Therefore, the trial court did not abuse its discretion in denying Reliance's motion for new trial.

3. Reliance contends that the trial court erred in excluding certain testimony about the nature of prior litigation between Buddy and his children. This argument presents no basis for reversal.

> Although Georgia law favors the admission of relevant evidence, evidence that does not bear directly or indirectly on the questions being tried should be excluded as irrelevant. The determination of whether evidence is relevant lies within the discretion of the trial court, whose decision will not be disturbed on appeal absent an abuse of discretion.

(Punctuation and footnotes omitted.) *Smith v. Saulsbury*, 286 Ga. App. 322, 325 (2) (649 SE2d 344) (2007).

Here, the issue before the jury was whether Reliance violated a fiduciary duty when it made discretionary distributions to Buddy under the encroachment provision of the marital trust. During trial, Reliance specifically sought to introduce testimony regarding the details about the prior litigation between Buddy and his children over Buddy's competency and right to control certain of his assets (not including the marital trust). In excluding Reliance's proffered testimony, the trial court found that the competency litigation between Buddy and his children was not pertinent to the marital trust at issue, and that it would be more prejudicial than probative to have the jury aware that there was prior litigation between Buddy and his children.[4]

---

[4] In a stipulation read to the jury, the trial court nevertheless provided them with the following information about the prior competency litigation: from late 1999 through May 2000, Buddy "was involved in a lawsuit regarding his right to control certain of his trust assets"; in May 2000, "control of those assets was returned to him"; and the suit did not involve the marital trust.

We agree with the trial court that the details regarding the competency litigation between Buddy and his children were not relevant to the question of whether Reliance abused its discretion under the encroachment provision of the marital trust. Moreover, "even if relevant, the trial court was authorized to conclude that the substantially prejudicial impact of the evidence far outweighed any probative value." (Punctuation and footnote omitted.) *Smith*, supra, 286 Ga. App. at 325 (2). Accordingly, the trial court did not abuse its discretion in excluding the testimony at issue. See id.

4. Reliance argues that the trial court erred (a) in instructing the jury that it was not bound to use the definition of "income" as set forth in the former Georgia Trust Code; and (b) in refusing to charge the jury on the definition of "principal" as set forth in the former Georgia Trust Code. Reliance argues that the foregoing errors were harmful because the definitions of "income" and "principal" were central to whether Reliance breached its fiduciary duty under the encroachment provision of the marital trust. We discern no error.

(a) *Definition of "Income"*

"We apply the 'plain legal error' standard of review in evaluating an allegedly erroneous jury instruction. The party asserting error must establish that a legally erroneous charge was given and that it was harmful." (Citations and punctuation omitted.) *Those Certain Underwriters at Lloyds, London v. DTI Logistics*, 300 Ga. App. 715, 720 (2) (686 SE2d 333) (2009).

Pursuant to Reliance's request to charge, the trial court charged the jury on the definition of "income" as set forth in the former Georgia Trust Code. Immediately thereafter, the trial court further charged the jury:

> The definition I have just given you has been provided for whatever significance you find it to hold . . . as to Claire Clement Candler's intent as evidenced by the language of the trust at issue. You are not, however, bound by the definition that I have given you.
>
> In determining the meaning of income as used in the encroachment provision of [the] marital trust[ ], you must determine from the evidence the meaning intended by Claire Clement Candler at the time of creation of the trust at issue whether you find that the definition, which I have given you, reflects the meaning intended by Claire Clement Candler is a matter solely for your determination based upon the evidence before you.

Notwithstanding Reliance's argument otherwise, we cannot say that the foregoing jury instruction was legally erroneous. "In trust law, the cardinal rule is that the trustor-settlor's intention be followed." (Citation and punctuation omitted.) *McPherson*, supra, 307 Ga. App. at 552 (1) (b); see also *Smith v. Hallum*, 286 Ga. 834 (691 SE2d 848) (2010) ("The cardinal rule in construing a trust instrument is to discern the intent of the settlor and to effectuate that intent within the language used and within what the law will permit.") (citation and punctuation omitted). The trial court's jury instruction was consistent with this cardinal rule and therefore was not erroneous.

(b) *Definition of "Principal"*

"[A] trial court does not err in refusing to give a requested charge which is confusing, misleading, inapt, not precisely tailored or adjusted to the evidence, or not authorized by the evidence." (Punctuation and footnote omitted.) *Trotman v. Velociteach Project Mgmt.*, 311 Ga. App. 208, 215 (7) (b) (715 SE2d 449) (2011).

Here, Reliance challenges the trial court's failure to give Reliance's request to charge the jury on the definition of "principal" as set forth in the former Georgia Trust Code. Citing OCGA § 53-12-212 (b) (2009) of the former Georgia Trust Code, Reliance's request to charge specifically sought the following definition:

Principal is the property which has been set aside by the owner or the person legally empowered so that it is held in trust eventually to be delivered to a remainder beneficiary while the return or use of the principal is in the meantime taken or received by or held for accumulation for an income beneficiary. Principal includes, but is not limited to:

(1) Consideration received by the trustee on the sale or other transfer of principal or on repayment of a loan or as a refund or replacement or change in the form of principal;

(2) Proceeds of property taken on eminent domain proceedings;

(3) Proceeds of insurance upon property forming part of the principal except proceeds of insurance upon a separate interest of an income beneficiary;

(4) Stock dividends, receipts on liquidation of a corporation, and other corporate distributions as provided by law;

(5) Receipts from the disposition of corporate securities as provided by law;

(6) Receipts from property subject to depletion and timber as provided by law;

(7) Any profit resulting from any change in the form of principal;

(8) Any allowances for depreciation established by law.

We do not discern any reversible error in the trial court's failure to give the requested charge. Notably, Claire Candler did not use the term "principal" in the encroachment provision of the marital trust; rather, she used only the term "corpus":

> Whenever in the sole judgment of the [t]rustee the income being paid to [Buddy], together with any other income or periodic payments known to the [t]rustee that are being received by [Buddy] shall be insufficient for his proper support, maintenance, or to enable him to meet any difficulty produced by sickness, accident, or similar cause, such portion of the *corpus* of this trust estate as in the discretion of the [t]rustee is deemed appropriate shall be paid to him or for his benefit.

(Emphasis supplied.) Moreover, the trust instrument itself provided its own definition of both "principal" and "corpus," defining either term to "mean the property conveyed by [Claire Candler] as a gift upon the creation of this [t]rust, any addition thereto by me or any other person, and any net income accumulated under the terms of the trust." Thus, Reliance's request to charge on the former statutory definition of "principal" was not adjusted to the evidence in this case. See *Trotman*, supra, 311 Ga. App. at 215 (7) (b). Therefore, the trial court did not err in failing to give the requested instruction.

5. In its final enumeration of error, Reliance contends that the trial court erred in awarding the grandchildren interest from the date of each encroachment by Reliance, as compared to the date of Buddy's death.[5] Reliance's argument is meritless. The Revised Trust Code pertinently provides that a trustee who commits a breach of trust is liable for damages that include "[a]ny loss or depreciation in value of the trust property as a result of such breach of trust, with interest"; as well as "[a]ny amount that would reasonably have accrued to the trust or beneficiary if there had been no breach of trust, with interest." OCGA § 53-12-302 (a) (1), (3). Moreover, "[i]f the trustee is liable for interest, then the amount of the liability for interest shall be the greater of: (1) [t]he amount of interest that accrues at the legal rate on judgments; or (2) [t]he amount of interest actually received." OCGA § 53-12-302 (b). Significantly, in considering the date from

---

[5] The parties stipulated that the trial court would determine the issues regarding the award of any interest.

which interest begins to run, the Supreme Court of Georgia has held that "the trustee is chargeable with the legal rate of interest from the date of the breach of the trust." *Allen v. Allen*, 198 Ga. 269, 280, 282 (4) (31 SE2d 483) (1944). Therefore, the trial court did not err in charging Reliance with the legal rate of interest from the dates of Reliance's encroachments.

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 26, 2012 —
RECONSIDERATION DENIED APRIL 12, 2012 — 

*Bryan, Cave, Powell & Goldstein, William V. Custer IV, Nicole J. Wade, Luke A. Lantta*, for appellant.

*Gaslowitz Frankel, Craig M. Frankel, Brian M. Deutsch, Kathy R. Bess, Robert P. Marcovitch*, for appellees.