S12G1390. RELIANCE TRUST COMPANY v. CANDLER et al.
(751 SE2d 47)

BENHAM, Justice.

The facts of this case are set forth in the opinion of the Court of Appeals that is the subject of this Court's review upon grant of a petition for a writ of certiorari. See *Reliance Trust Co. v. Candler*, 315 Ga. App. 495 (726 SE2d 636) (2012). In summary, the remainder beneficiaries of the revocable marital trust created by the wife of

Charles Howard Candler III sued Reliance Trust Company ("Reliance"), co-trustee of the trust, for breach of trust. They alleged that after the death of the settlor, Reliance made improper distributions from the corpus of the trust to Mr. Candler, who was the life beneficiary. The remainder beneficiaries alleged these improper distributions significantly diminished the value of the trust and thereby damaged them in an amount equal to the improper distributions, plus interest. The case was tried, and the jury returned a verdict finding that Reliance did not act in bad faith but otherwise finding in favor of the remainder beneficiaries in the amount of $1,140,924.41. The trial court entered final judgment on the verdict and also awarded the remainder beneficiaries $535,558.15 in pre-judgment interest, which was affirmed by the Court of Appeals. Id. We granted Reliance's petition for a writ of certiorari, directing the parties to address only these points: Did the Court of Appeals err when it upheld the jury's verdict in favor of Respondents/Appellees and when it affirmed the trial court's award of interest?

1. (a) Reliance claims that, pursuant to OCGA § 53-12-260,[1] the language used in this trust instrument must be construed as granting the trustee absolute discretion to make distributions to Mr. Candler from the corpus of the trust. Citing *Citizens & Southern Nat. Bank v. Orkin*, 223 Ga. 385, 388 (1) (156 SE2d 86) (1967) (affirming the trial court's findings that the trustee had acted arbitrarily and was liable for breach of its duties) and *Springer v. Cox*, 221 Ga. 673, 676 (1) (146 SE2d 753) (1966) (finding that, pursuant to the terms of the instrument in question, the trustee could have no liability so long as the trustee "acted bona fide to accomplish the purposes of the trust and in conformity with a reasonable discretion"), Reliance asserts it has long been the law of Georgia that a trustee cloaked with absolute discretion is required only to act in good faith.[2] Assuming without deciding that this is a correct statement of the law and that the trust instrument in this case granted absolute discretion to Reliance with respect to distributions from the corpus of the trust, we hold that Reliance waived this ground for appeal.

---

[1] After the date this case was tried but before Reliance filed its motion for new trial, the Revised Georgia Trust Code of 2010, OCGA § 53-12-1 et seq., became effective. Ga. L. 2010, p. 579, § 1. OCGA § 53-12-260 states: "Notwithstanding the breadth of discretion granted to a trustee in the trust instrument, including the use of such terms as 'absolute,' 'sole,' or 'uncontrolled,' the trustee shall exercise a discretionary power in good faith." The parties do not appear to dispute that, pursuant to OCGA § 53-12-1 (b), this Code section applies to the trust in this case.

[2] We note that even these cases, while referencing the term "bona fide" or good faith, also recite the same broader general standard of care set forth in the jury instructions given in this case.

Reliance sought a special finding by the jury regarding whether it acted in bad faith, and the jury answered that it did not. Nevertheless, at Reliance's request, the court instructed the jury:

[A] court will interfere whenever the exercise of discretion by the trustee is infected with fraud or bad faith, misbehavior, or misconduct, arbitrariness, abuse of authority or perversion of the trust, oppression of the beneficiary, or want of ordinary skill or judgment. The courts will not ordinarily interpose to restrain the execution of a power, except where abuse of discretion, bad faith, or fraud is shown, or where the power is attempted to be exercised in a manner different from that authorized by the donor.

This charge is, essentially, a quote from *Citizens & Southern Nat. Bank v. Orkin*, supra, and the standard of review for, and duty owed by, a trustee set forth in this instruction has been widely applied by Georgia courts. See, e.g., *Ludwig v. Ludwig*, 281 Ga. 724 (2) (642 SE2d 638) (2007) (involving a claim for failure to exercise discretion); *Citizens & Southern Nat. Bank v. Haskins*, 254 Ga. 131, 141-142 (9) (327 SE2d 192) (1985) (seeking damages as well as removal of trustee for its failure to act). Reliance may not now assert that this was not the appropriate standard of review of its discretionary acts but that, instead, it could be held liable only if it failed to act in good faith. Reliance points out that the trial court also instructed the jury on what Reliance considers to be the proper standard of care for trustees with "absolute discretion," which is that "the court will not permit the trustee to act in bad faith." Assuming, without deciding, that the verdict reflects the jury applied an improper standard of care in this case and that this permitted the jury to find breach of trust even though it found Reliance did not act in bad faith, the error, if any, was created by Reliance. Reliance consented to the instructions given and failed to request a charge that clearly set forth what it asserts to be the proper standard for review of acts performed with alleged absolute discretion. By failing to raise it below, Reliance waived its argument that, prior to enactment of OCGA § 53-12-260, Georgia's courts had improperly conflated the standard of care imposed on trustees subject to "regular" discretion clauses with the standard imposed on trustees subject to "absolute discretion" clauses. Instead, Reliance requested a jury instruction that permitted a finding of liability for misconduct other than bad faith alone. The Court of Appeals affirmed the verdict by finding the evidence was sufficient to support a finding "that Reliance's exercise of discretion was 'infected with . . . arbitrariness,' as well as 'oppression of the [remainder

beneficiaries].' " Having reviewed the evidence, we agree. Error in the verdict, if any, was created by Reliance's request for an instruction it now asserts is not appropriate to the facts and resulted in the jury applying what it now asserts is an incorrect standard of review of its exercise of discretion. See *Hammond v. Hammond*, 290 Ga. 518 (1) (722 SE2d 729) (2012); *Hancock v. Bryan County Bd. of Ed.*, 240 Ga. App. 622 (2) (522 SE2d 661) (1999).

(b) Further, Reliance argues that, regardless of the standard of care applied to the breach of trust claim, the Court of Appeals erred in affirming the jury verdict because there was insufficient evidence to support a finding that Reliance breached its duties as trustee with respect to each and every one of the nineteen challenged distributions to Mr. Candler. Reliance asserts that because the undisputed evidence shows Mr. Candler's annual expenses regularly exceeded his income but that the distributions it made did not fully satisfy each of the annual shortfalls, then there was insufficient evidence to support the jury's general finding of abuse of discretion. But the jury returned a general verdict as to liability for breach of trust and damages in a form to which Reliance consented. In the case of a general verdict, "it is presumed that every material allegation of the petition was by the jury found to be proved." *Owen v. S. P. Richards Paper Co.*, 188 Ga. 258, 261 (2) (3 SE2d 660) (1939). Moreover, Reliance consented to submit a general verdict to the jury and thus waived its right to have a special finding on the issue of breach and damages as to each distribution. Compare *Livingston v. Taylor*, 132 Ga. 1, 9 (6) (63 SE 694) (1908) (a party's passive acquiescence to the entry of a general verdict is the equivalent to a waiver of her right to have a special verdict upon questions she submitted to the jury). "Issues never raised at trial will not be considered for the first time on appeal." *Amerireach.com, LLC v. Walker*, 290 Ga. 261, 263 (1) (719 SE2d 489) (2011) (citation and punctuation omitted). "In addition, it does not appear that the issue was squarely raised in the Court of Appeals, and it unquestionably was not addressed in that court's opinion." *Brookfield Country Club, Inc. v. St. James-Brookfield, LLC*, 287 Ga. 408, 413-414 (3) (696 SE2d 663) (2010). See also *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002). Accordingly, this issue is not properly before this Court.

2. In its final judgment, the trial court awarded prejudgment interest at the statutory rate measured from the date of each encroachment upon the corpus, and the Court of Appeals affirmed the award. *Reliance*, 315 Ga. App. 504-505. Reliance asserts the remainder beneficiaries are entitled to interest on the damages awarded only from the date of the life beneficiary's death. We agree. Pursuant to

OCGA § 53-12-302 (a) (3),[3] damages for breach of trust include "[a]ny amount that would reasonably have accrued to the trust or beneficiary if there had been no breach of trust, with interest." Damages, in general, are awarded to make the injured party whole. "[U]nder any measure of damages, an injured party can not be placed in a better position than he would have been in if [there had been no breach]." *Green v. Key Custom Homes, Inc.*, 302 Ga. App. 800, 803 (2) (692 SE2d 56) (2010) (citation and punctuation omitted). In this case, had there been no breach, upon the death of Mr. Candler the value of the trust assets would have been the remaining value of the corpus of the trust plus the amount of the principal distributions the jury found were improperly distributed to Mr. Candler and awarded to the remainder beneficiaries. Pursuant to the terms of the trust instrument, any interest that would have accrued on those assets had they not been distributed to Mr. Candler would have been paid to Mr. Candler as the life beneficiary. They would not have increased the value of the corpus of the trust. To award interest from the date of each improper distribution would create a windfall by placing the remainder beneficiaries in a better position than if there had been no breach. Applying OCGA § 53-12-302 (a) (3), the amount that would have reasonably accrued to these beneficiaries if there had been no breach is the amount they were awarded in actual damages. In addition, they are entitled to interest from the date these funds would have accrued to them, the date of Mr. Candler's death. Upon the return of the remittitur to the trial court, that portion of the final judgment awarding interest must be withdrawn and reentered, awarding interest from the date of Mr. Candler's death.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

DECIDED NOVEMBER 4, 2013.

*Bryan Cave, Luke A. Lantta, William V. Custer IV, Nicole J. Wade,* for appellant.

*Gaslowitz & Frankel, Craig M. Frankel, Brian M. Deutsch, Weinberg, Wheeler, Hudgins, Gunn & Dial, Robert P. Marcovitch,* for appellees.

---

[3] This new Code section is materially identical to former OCGA § 53-12-193, in effect at the time of the trial.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Robert M. Brinson, Norman S. Fletcher, Lee B. Carter,* amici curiae.